**Richmond**

JANE A. BATROUNY

v.

GEORGE M. BATROUNY

No. 2008-90-2

Decided December 24, 1991

COUNSEL

Charles W. Austin, Jr. (Marvin Alan Rosman; Marvin Alan Rosman & Associates, on brief), for appellant.

George W. Marget, III (Stephen E. Baril; Williams, Mullen, Christian & Dobbins, P.C., on brief), for appellee.

OPINION

BENTON, J.—Finding that George Batrouny proved that his wife, Jane Batrouny, committed fraud upon the trial court with respect to the true identity of the natural father of the wife's older daughter, the trial judge corrected the parties' final decree of divorce, and omitted any reference to the older daughter as a child born of the marriage. The wife appeals and claims that the trial judge erred in ruling (1) that she committed fraud on the court, (2) that she committed fraud on her husband, and (3) that the husband was not obligated to support her older daughter. We affirm the judgment.

I.

George and Jane Batrouny were divorced by a decree entered April 3, 1989, which stated that two daughters were born of the marriage. Sixteen months after entry of the decree, the husband filed an action pursuant to Code § 8.01-428(C) to vacate those portions of the final decree which declared that the older daughter of the wife was born of the marriage and which required him to support that child. At the evidentiary hearing, the proof established that the wife became pregnant three months prior to the parties' marriage. When the child was conceived, the husband was living in Georgia. The husband testified that at the time the child apparently was conceived he believed the wife was living with two of her girlfriends in North Carolina. The record established that the wife listed her residence on the marriage license as the North Carolina address where her two girlfriends lived. The husband testified that he believed he was the child's father until the wife informed him otherwise, after the entry of the divorce decree.

The wife admitted in her pleading and testimony that the husband is not the child's father. She testified that she and the husband had not had sexual relations for approximately six weeks

prior to Natalie's conception and that she was living with another man when Natalie was conceived. She also testified that the husband had always known that he was not the biological father of the child and that the husband asked her to marry him after she told him she was pregnant by the other man. She also testified that she and the husband agreed to raise the child as their daughter and agreed to never discuss her parentage further. She testified that the husband held himself out to the world as her child's natural father until he filed a petition to determine paternity after the divorce.

Upon this evidence, the trial judge found that the wife committed a fraud upon the court when she represented that the child was one of two children born of the parties' marriage. We find no error.

## II.

The party charging fraud has the burden of proving "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). The fraud must be proved by clear and convincing evidence. *Id.* The record contains ample evidence that the husband met his burden of proving each of the factors by clear and convincing evidence.

The wife admitted in her pleadings and testimony that she misrepresented a material fact in the divorce proceeding. The bill of complaint in the divorce suit alleged that the child was born of the marriage. Moreover, the trial judge relied on the wife's misrepresentation in finding that the child was the natural child of the husband and ordering the husband to make child support payments. Blood tests confirmed that the husband is not the child's father.

The wife argues that she did not intentionally defraud the court. However, her motives and intentions must be judged by her actions. *Long v. Harrison*, 134 Va. 424, 445, 114 S.E. 656, 662 (1922). Her admission that she has always known the child was not born of the marriage, when viewed in light of her assertion in the pleading to the contrary, is convincing evidence of her intent

to defraud. The documentary evidence and the testimony of both parties support the conclusion by the trial judge that a fraud was committed against the court. As the trier of fact, the trial judge had ample basis upon which to credit the husband's testimony and to reject the wife's testimony.

### III.

The wife contends that if any fraud was committed on the court, it was perpetrated by both parties. Thus, she argues the trial judge erred in relieving the husband of his support obligations to her child. In support of her argument, she alleges that the husband admitted as true a statement in her divorce bill of complaint that the date of marriage was April 12, 1974. The marriage actually occurred July 15, 1974. The husband testified, however, that he admitted the statement to be true because he believed they were married on that day. The wife did not explain why she chose to misrepresent the date, which is chronologically nine months prior to the birth of the child.

The prevailing party in the trial court "is entitled to have the evidence viewed in its most favorable light from [the prevailing party's] standpoint." *Hern v. Cox*, 212 Va. 644, 647, 186 S.E.2d 85, 87 (1972). Moreover, the rule is well established that

> the judgment of the trial court on questions of fact is entitled to great weight and will not be disturbed unless it is plainly wrong or without evidence to support it. Where the conclusion depends upon the weight to be given credible evidence, the decree or order based thereon has the same effect as the verdict of a jury and will be affirmed although there may be conflicts in the evidence.

*Smith v. Board of Supervisors*, 201 Va. 87, 91, 109 S.E.2d 501, 505 (1959)(citation omitted). Viewed in the light most favorable to the husband, the evidence fails to prove his participation in the fraud. It only establishes that he believed that the marriage date was correctly pled. Furthermore, "[p]rinciples of collateral estoppel may not be invoked to sustain fraud." *Slagle v. Slagle*, 11 Va. App. 341, 348, 398 S.E.2d 346, 350 (1990). By establishing fraud, the husband's action may not be defeated by the wife's claim that he is collaterally estopped from challenging an issue which was tacitly determined in the prior divorce action. *Id.*

The judgment order which vacated the portion of the divorce decree procured by fraud and which corrected the final decree was appropriate and was the correct form of relief.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.