COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARY BRUMSKILL
                                        MEMORANDUM OPINION*
v.   Record No. 0311-97-2                  PER CURIAM
                                         JULY 29, 1997
AUSTIN E. BRUMSKILL


                FROM THE CIRCUIT COURT OF CUMBERLAND COUNTY
                        Richard S. Blanton, Judge

            (George H. Edwards, on brief), for appellant.

            (Phoebe P. Hall; Hall & Hall, on brief), for
            appellee.


     Mary Brumskill (wife) appeals the decision of the circuit

court denying her motion for reconsideration of its equitable

distribution decision.  Wife contends that the trial court (1)

erred in determining the amount of rent proceeds from the

parties' rental property subject to equitable distribution; (2)

erred by denying her motion for reconsideration and to set aside

the award for fraud; (3) erred by awarding her only twenty-five

percent of the marital share of the pension of Austin E.

Brumskill (husband); (4) erred by basing its equitable

distribution on fraudulent information; and (5) abused its

discretion by terminating her spousal support as a punitive

measure due to her counsel's withdrawal.  Wife withdrew several

issues asserting error in the court's granting a divorce on the

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

ground that the parties lived separate and apart.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

## I.

Wife contends that the trial court erred by ordering her to pay husband one-half the $10,350 in rent she retained from the parties' jointly-owned rental property.  Wife argues that she should be required to pay only one-half of $2,300, which was the net profit she retained after payment of the mortgage on the rental property.  However, the wife presented no evidence that she had paid the mortgage from rent proceeds.  The trial court did not allow either husband or wife to deduct any mortgage payments they made on jointly-owned property.  Thus, while husband paid the first and second mortgages of the marital residence during the time wife continued to live there, he received no corresponding credit for the property's increased equity attributable to these post-separation payments.  We cannot say the trial court's decision that each party bear a portion of their shared debt and that they divide the rental income earned, was plainly wrong.

The trial judge did not abuse his discretion in refusing to rehear this issue.  Following the evidentiary hearing, the parties submitted memoranda concerning equitable distribution issues.  No issue was raised at that time concerning the rents.

2

This issue was raised only after the judge's ruling. In view of the lack of proof concerning the source of the mortgage payments, the trial judge did not err in refusing to reopen the evidence.

                                    II.

In Stipulation 24, under the section entitled "Wife's Employment History," the parties stipulated that "[w]ife was employed by Philip Morris doing night work, taking tobacco out of a hoggie from 2/69 – 7/69." Almost two months after issuance of the court's opinion letter setting out its findings of fact, wife filed a motion to set aside the court's decision on the basis of fraud, contending that she never worked at Philip Morris. We find no error in the trial court's refusal to set aside its decision.

As the party seeking to set aside a final order on the basis of fraud, wife had the burden of proving "'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (citation omitted).[1]

---

[1]Wife did not clearly indicate either before the trial court or on appeal whether her argument was based on actual or constructive fraud.

> [C]onstructive fraud . . . [requires] a
> showing by clear and convincing evidence that
> a false representation of a material fact was
> made innocently or negligently, and the

3

Wife relies on the text of Stipulation 40, which provided:
The attached records were produced by the parties' employers and are hereby stipulated into evidence for purposes of showing the parties [sic] work histories, the dates and places of employment, the job performance, and the pay and benefits of the parties, as well as the reasons given by the employer or employee for any termination of employment by the employer or the employee and any disciplinary actions.

That stipulation referenced an Exhibit D. Wife assigns fraud, or, at a minimum, a significant mistake, to the fact that Exhibit D did not reflect her employment at Philip Morris.

However, the stipulation does not purport to encompass all employment records. It included an application, signed by wife in 1986, listing Philip Morris employment from "2-69 [to] 07-69" as previous work experience. The wife does not allege that the signature on the application was not her signature. Thus, the representation made in the exhibit was made by the wife.

The trial court did not err in refusing to reopen the case. These records were available for review by wife's counsel. Counsel apparently failed to review the records until after

injured party was damaged as a result of his reliance upon the misrepresentation. . . . Additionally, [it requires] . . . "clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation."

Mortarino v. Consultant Eng'g Servs., Inc., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (citation omitted). We find no evidence to support either element of constructive fraud.

4

signing the stipulation.  Furthermore, the husband testified at the September 20, 1996 hearing in some detail concerning the efforts he made early in the marriage to obtain a job for wife at Philip Morris.  Both the wife and her counsel were present.  Although wife's counsel cross-examined husband, the wife raised no challenge to the husband's testimony concerning her brief employment at Philip Morris.  The trial court found the husband's testimony to be credible.

We find no evidence supporting wife's allegations of fraud and find no error in the trial court's refusal to reopen the case.  For the reasons stated forth above, we find no error in the trial court's reliance on the evidence submitted by the parties.

### III.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal."  Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).  "Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal distribution of assets."  Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572,

5

577 (1992).  See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986).

Under Code § 20-107.3(G), a trial court may not award more than fifty percent of the marital share of a pension.  Here, the trial court awarded the wife twenty-five percent of the marital share of husband's pension and fifty percent of all other marital assets.  The wife posits that the trial court relied on erroneous evidence of her one-time employment at Philip Morris.  It is true that the trial court noted wife's lost opportunity to earn a retirement similar to that earned by husband.  The trial court stated:

> In regards to the pension and profit sharing funds with Philip Morris, all of the monetary contributions were provided by the husband. While the wife had the same opportunity at Philip Morris, she chose to leave that employment.  Additionally, the wife chose to cash in her retirement fund with the Commonwealth of Virginia.  However, as previously discussed, the wife did maintain the home and care for the husband while he worked each day at Philip Morris.

It is apparent that the trial court considered the parties' respective monetary and nonmonetary contributions to the marriage as well as other statutory factors, not just the wife's brief Philip Morris employment, when making its equitable distribution decision.  The court contrasted the husband's history of employment against that of the wife, noting that the husband "commuted approximately 100 miles round trip per day while working shift work" and that "the vast majority of the monetary

6

contributions were provided by the husband."  On the other hand, the trial court found that the wife "held various jobs during the marriage but none for a long period of time, . . . [m]any of the jobs that the wife held during the marriage were part-time[, and wife] . . . testified that she did not seek further full-time employment because she 'didn't have to do so.'"  The parties were married for over twenty-five years and had no children.

We cannot say, based upon the record, that the trial court failed to consider the statutory factors as they related to the evidence.

IV.

At the hearing scheduled for the presentation of evidence on the issue of permanent spousal support, the wife presented no evidence and wife's counsel withdrew.  The transcript indicates that the court viewed the wife's motion for reconsideration as groundless, noting that "with all the depositions that were taken, with all the testimony that's been taken in this courtroom, there was more than ample opportunity for [wife] to deny that she worked at Philip Morris."  The court further noted that "[i]t troubles me that this matter is not going to end today because it should."  The trial court did not believe that "it's in anybody's best interest for this litigation to continue."  Nonetheless, the trial court granted wife's counsel extensive leeway to exercise whatever options she felt were ethically required.

7

As the party seeking permanent spousal support, the wife bore the burden to present evidence of her needs and expenses. Wife and her counsel elected to seek a continuance rather than present evidence at the scheduled hearing, thereby further delaying a final resolution. Unquestionably, by discontinuing all support payments until further order, the trial court intended to ensure that the wife would move quickly toward resolution of the issue. Under the circumstances, we do not find this action to be punitive. In the absence of proof by the wife regarding her current needs, we cannot say the trial court abused its discretion by suspending the payment of additional spousal support until further order.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>