COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


SIMINDOKHT JOUYBARI OKHRAVI

                                    MEMORANDUM OPINION[**]
v.        Record No. 2660-00-4          PER CURIAM
                                      MAY 1, 2001
MASOUD GANJI


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                Robert W. Wooldridge, Jr., Judge

        (Fred M. Rejali, on brief), for appellant.

        (Jahangir Ghobadi, on brief), for appellee.


    Simindokht Okhravi (wife) appeals the dismissal of her bill

of complaint for annulment of her marriage to Masoud Ganji

(husband).  She contends the trial judge erred by finding that she

failed to prove grounds for annulment by clear and convincing

evidence.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                            I.

    On appeal, we view the evidence in the light most favorable

to the husband who prevailed at trial, and we grant to that

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence all reasonable inferences.  See Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).  So viewed, the evidence proved that prior to the marriage the wife, who lived in Virginia, met the husband's sister through a mutual friend.  In conversations with his sister and mother, the wife learned of the husband, who was a doctor living in Iran.  They told the wife that they wanted her to meet him and that he wanted to enter the United States to complete his medical education.  The wife had numerous telephone conversations with him and, in 1997, she made three trips to Iran to meet him.  Prior to the second visit, the husband's sister conveyed the husband's marriage proposal to the wife.  The evidence proved that in Iranian culture families arrange meetings of their relatives to encourage marriage.  On the wife's third visit to Iran, she and the husband had a religious ceremony.

The husband came to the United States on December 1, 1997. Two weeks later, the parties were married in a civil ceremony. However, they separated on May 18, 1998.  On July 7, 1998, the wife filed a bill of complaint seeking to annul the marriage.  She alleged that the husband defrauded her into entering a sham marriage and that his sole intent was to obtain permanent residence status in the United States.

After hearing the testimony and argument, the commissioner in chancery found that the husband's "conduct and behavior radically changed" the day after the marriage and that he "told [the wife]

-

that he married her only to obtain his Green card." The commissioner also found, however, that the "parties continued to live together for a period of approximately five (5) months following [the husband's] statement of his purpose for the marriage." The commissioner further found that the wife wanted the marriage to succeed and made many efforts to save the marriage. Although she eventually requested the husband to leave their residence for a trial separation, within a week, she asked him to return. Their separation continued, however, because the husband "attached an unacceptable condition for his return, which she failed to meet."

The commissioner found that husband "enjoyed the economic benefit of receiving [wife's] complete support while studying for his medical examinations in the U.S." The commissioner also noted that the husband testified that he sought comfort, companionship and love from the relationship. Finding that "it [wa]s not clear that the only reason [the husband] married [the wife] was to get a Green card," the commissioner concluded that the wife "failed to prove fraud by clear and convincing evidence." Moreover, finding that the wife continued to cohabit with the husband after he expressed his improper purpose, the commissioner recommended that the wife's bill of complaint for annulment be dismissed.

The trial judge overruled all but one of the wife's exceptions to the commissioner's report. He sustained her exception to the commissioner's determination that she "suffered

-

no harm even if [the husband's] sole reason for marrying her was to obtain his Green Card."  The trial judge explained, however, that this sustained exception did "not affect the commissioner's finding that [the wife] failed to prove fraud by clear and convincing evidence."  The trial judge confirmed the remainder of the report, including the commissioner's recommendation that the bill of complaint for annulment be dismissed.  In the final decree, the trial judge also denied husband's request for attorney's fees.

## II.

The principle is well established that "[o]n appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong."  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).

> The commissioner's report is deemed to be prima facie correct.  The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.  When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand."  Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).

In this case, the wife alleges fraud and "has the burden of proving '(1) a false representation, (2) of a material fact, (3)

-

made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'  The fraud must be proved by clear and convincing evidence."  Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (citation omitted). Nevertheless, even if fraud is proved, the annulment statute provides as follows:

> No annulment for a marriage alleged to be void or voidable . . . by virtue of fraud or duress shall be decreed if it appears that the party applying for such annulment has cohabited with the other after knowledge of the facts giving rise to what otherwise would have been grounds for annulment
> . . . .

Code § 20-89.1(c).

Evidence that the commissioner found convincing proved that the husband "told [the wife] he only married her to obtain his Green card."  The commissioner also found that the husband sought and obtained comfort, companionship and support while living with wife and studying for his medical examinations.  The commissioner acknowledged the husband's testimony that he entered the marriage for love and companionship.  Thus, the trial judge affirmed the commissioner's finding that "it was not clear that the only reason [the husband] married her was to enable him to obtain a 'Green Card.'"  Upon our review of the substantial amount of evidence in the record, we cannot say those findings are plainly wrong.

-

Moreover, even if the evidence had established fraud, the evidence proved the wife chose to remain with the husband for almost five months after husband made the statement of his improper purpose. By remaining with the husband for months after learning of his improper purpose, the wife cannot now rely on fraud to annul the marriage. See Code § 20-89.1(c). Therefore, the evidence supports the commissioner's findings and recommendations, upon which the trial judge relied, that the wife failed to present clear and convincing proof to annul the marriage. Accordingly, the trial judge did not err in confirming the commissioner's findings and recommendation to dismiss the bill of complaint.

### III.

The husband seeks an award of his attorney's fees for this appeal. Upon our review of the record, we cannot say the appeal was "frivolous or oppressive." Commonwealth v. Haga, 18 Va. App. 162, 167, 442 S.E.2d 424, 427 (1994). Therefore, we deny the husband's request for attorney's fees.

Affirmed.

-