## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Albert Taylor, Jr.

v.

Pechola Taylor

June 3, 2004

Case Nos. CH03-926 and CH03-929

BY JUDGE WILLIAM H. LEDBETTER, JR.

Mr. Taylor seeks relief from his child support obligation under recently-enacted Virginia Code § 20-49.10 on the ground that genetic testing establishes that he is not the father. The court is of the opinion that he is entitled to the relief sought.

*Facts*

Mr. and Mrs. Taylor were married in 1988. Xavier was born during the marriage. He is twelve years old.

After Mr. and Mrs. Taylor separated in February of 2002, both filed petitions for custody. The juvenile court awarded joint custody, with primary physical custody to Mrs. Taylor. The court also made an award of child support.

Over the next several months, Mr. Taylor began to question paternity of Xavier. He had DNA testing done. That test showed that he was not the father. Consequently, Mr. Taylor filed a petition in juvenile court under Virginia Code § 20-49.10 seeking an adjudication that he is not the father of Xavier. A second DNA test performed during the litigation also excludes Mr. Taylor as the father of Xavier.

On October 22, 2003, the juvenile court denied Mr. Taylor's petition. He appealed. This court heard the case *de novo* on May 26, 2004. The essential

facts were stipulated. The parties presented arguments and submitted memoranda that had been filed in the juvenile court.

From the stipulated facts, it is clear that Xavier was conceived and born during the Taylors' marriage; that Mr. Taylor considered Xavier his son until these recent events; and that they had a close relationship until the genetic testing.

Proceedings to determine parentage are governed by Virginia Code § 20-49.1 *et seq*. Although these statutes have replaced the common law, at least in part, it is obvious that the factors a court is to consider are drawn from the common law tradition.

In this case, if it were not for the scientific testings, Mr. Taylor's status as father of Xavier would be well-nigh undeniable. But two separate scientifically-reliable tests show otherwise. The most recent DNA test establishes a 0% probability of paternity.

In 2001, the General Assembly adopted Virginia Code § 20-49.10. That statute allows an individual to petition the court for relief from a determination of custody when a scientifically reliable genetic test establishes that the petitioner is excluded as father. A guardian *ad litem* is appointed "to represent the interest of the child." If the court finds the petition meritorious, it "may" set aside an earlier paternity adjudication and terminate prospectively the petitioner's child support obligation. Under some circumstances not present here, the statutory relief is not available.

The statute grants relief in cases where someone has been falsely named as parent of a child, regardless of lapse of time. The statutory relief is available even when a paternity adjudication has been finalized so that the doctrine of res judicata would otherwise bar further exploration of the issue.

The court agrees with Mrs. Taylor and the guardian *ad litem* that the statute requires consideration of the child's best interests. Nevertheless, taking that factor into consideration, it is the court's opinion that Mr. Taylor's child support obligation should be terminated because of all the circumstances of the case and the fact that the genetic tests conclusively show that he is not the father of Xavier.

Mrs. Taylor and the guardian *ad litem* argue that granting the statutory relief sought by Mr. Taylor will be harmful to Xavier because he had a strong father-son relationship with Mr. Taylor until Mr. Taylor discovered that he was not Xavier's father. Since then, Mr. Taylor has had nothing to do with Xavier.

Mr. Taylor's decision to allow his anger at Mrs. Taylor to disrupt his relationship with this twelve-year-old boy is unfortunate. Perhaps in time, Mr. Taylor will resurrect the relationship. But refusing to grant Mr. Taylor the

statutory relief will not of itself mend the broken bond, nor will it magically create a father-son relationship that does not exist.

The relief sought in the petition is granted. Mr. Taylor is excluded as parent of Xavier by scientifically-reliable genetic testing. His child support obligation is terminated.