# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Khadijah Doe,
an infant

June 15, 2009

Case Nos. CJ09-651-A, CJ09-652-A

BY JUDGE MELVIN R. HUGHES, JR.

These cases are appeals from orders of the Juvenile and Domestic Relations District Court of the City of Richmond on paternity and child support.

The cases concern a petition filed under Va. Code § 20-49.10. The statute allows a proceeding to determine paternity by "scientifically reliable genetic test[ing]." Here, there is no dispute that the test results show the petitioner is not the father. Despite that finding, the mother and the guardian ad litem urge that the support obligation should continue in the best interests of the child. The mother and guardian take the position that, even though there is no mention in the statute, the court must consider the best interest of the child which, in this case, compels a finding that the support obligation continue. The mother testified that the child will be beset with anxiety and disappointment if the petitioner's paternity is disestablished. The erstwhile biological father petitioner on the other hand seeks to end all support obligations on the basis that there is no paternity. The subject child is now twelve years old.

When the child was conceived, petitioner and mother had lived together for some time. When the child was born, petitioner signed an acknowledgment of paternity. After the child's birth, the couple continued to live together for four years only to separate when the petitioner moved out to live with his parents. Mother testified that, over the years, petitioner's contacts with her and the child, including financial support, were sporadic. She did not seek to enforce child support against petitioner because she was intent on raising the child without petitioner's financial input.

During the hearing, I alluded to reported cases before the Virginia Court of Appeals concerning later evidence of paternity after a court order so finding. The cases are *Bartourney v. Bartourney*, 13 Va. App. 441 (1991) (divorce decree modified to disestablish paternity based on wife's fraud), and *Aviles v. Aviles*, 14 Va. App. 360 (1992) (husband collaterally estopped from raising paternity in subsequent action to eliminate child support). These cases discuss the effect of fraudulent conduct and *res judicata*/collateral estoppel on determinations of paternity and later proof of non-paternity. However, the cases pre-date the enactment of Virginia Code § 20-49.10 which came into law in 2001. Here, there is no proof of fraud nor, under the statute, does fraud need to be proved. The statute refers to "scientifically reliable genetic test" as a basis for disestablishment. And while although not inscribed into its terms, determining parentage must entail the best interest of the child as a factor to be considered under the statute. See *Taylor v. Taylor*, 65 Va. Cir. 109 (2004).

The statute is designed to allow relief to one like the alleged father here who has been falsely named as the father. Relief from paternity can be had under the statute even in the face of a prior adjudication such that *res judicata* would not be a bar. The same result would obtain no less in the case of a previous acknowledgment, as here.

Here, the only evidence of any impact on the child was expressed by the mother. With that in mind, the court is not unmindful that applying the dictate of the statute may work a tension between the child's feelings and a remedy to which the father is entitled. But feelings of disappointment alone cannot serve to cast off rights to which the petitioner is entitled by virtue of Va. Code § 20-49.10. The child's interest may not be in keeping with requiring the petitioner's financial support when it is now shown conclusively that a father-daughter relationship does not exist. So, considering the child's best interest, all the surrounding circumstances, and the undisputed test results, the court holds the petitioner is entitled to the relief the statute provides and that no further child support obligation exits.