COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Beales and Senior Judge Annunziata


KOMAL ZAIDI MUSTAFA

MEMORANDUM OPINION*

v.      Record No. 2175-09-4                                  PER CURIAM
                                                             APRIL 13, 2010

SHAHID S. MUSTAFA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Kelly B. Gonzales; Potomac Legal Aid Society, Inc., on brief), for
appellant.

(Ian R.D. Williams; Harrison & Johnston, PLC, on brief), for
appellee.


Komal Zaidi Mustafa (wife) appeals the trial court's order granting Shahid S. Mustafa

(husband) an annulment. Wife argues that the trial court erred in finding that there was sufficient

evidence to prove the grounds for annulment based on fraud by clear and convincing evidence.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

So viewed, the evidence showed that in April 2007, husband traveled to Pakistan in search

of a wife. Husband was fifty-five years old at the time. He had been corresponding via e-mail and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

telephone with two women. During his first week in Pakistan, he met with one woman and asked her to marry him, but she declined. During his second week in Pakistan, he met with wife, who was twenty-one years old and had a young daughter. They discussed marriage. He explained that he was looking for "a nice young woman that [he] would have a nice sexual relationship." He said that she told him "no problem."[1] After three days, husband and wife wed on April 18, 2007. Husband stayed in Pakistan for two more days and then returned to the United States without wife and her daughter. The parties did not consummate the marriage.[2] Wife told husband that she wanted to wait until she was in husband's house in the United States to consummate the marriage.

In September 2007, husband returned to Pakistan for sixteen days. He stayed in wife's apartment, and again she refused to allow him to hold her hand, kiss her, or have sexual relations with her.

Husband remained in the United States until June 2008 when he returned to Pakistan. Husband and wife went on their honeymoon during husband's trip in June 2008. Wife brought her daughter on the honeymoon. A friend, Mansur Aktar, also accompanied the couple on their honeymoon, but stayed in a different room.[3] Wife continued to tell husband that she did not want to consummate the marriage until she arrived in the United States.

On September 16, 2008, wife and her daughter came to the United States. She and her daughter slept in one room, while husband slept in another room.[4] Husband tried to make physical

---

[1] Wife denied that they discussed sex before the marriage.

[2] The parties' testimony was in conflict. Wife testified that the parties had sexual relations on the first night of their marriage and thereafter.

[3] Aktar was the one who introduced husband to wife. Aktar was a witness at their wedding ceremony, and he was the one who leased wife's apartment to her.

[4] There were a few occasions where the parties slept in the same room, but wife's daughter also slept with them. One of husband's sons also lived in husband's house. He confirmed husband's and wife's sleeping arrangements.

advances toward wife, but she refused. She said that she needed more time to get settled in the United States. She told him that she needed three months, then six months, to become adjusted. Husband took her to three therapists, but to no avail, because wife refused to have sexual relations with him. Husband also discovered "personal e-mails" that wife wrote to Aktar after she arrived in the United States.

After wife arrived in the United States, she befriended husband's ex-wife, Meena Mustafa (Meena). Meena said that in October 2008, wife told Meena that she was not going to consummate the marriage because she did not like husband and he was too old. Wife said that she married him so that she could come to the United States for the benefit of her daughter.

In November 2008, the parties separated. Since the parties' marriage, the parties have never consummated the marriage.

Husband filed a complaint for annulment of marriage, to which wife filed an answer. On July 31, 2009, after hearing the evidence and argument, the trial court ruled that husband met his burden of proof and granted the annulment. The trial court entered the final decree on August 28, 2009. Wife filed a motion for reconsideration. On September 17, 2009, the trial court suspended the judgment. On October 2, 2009, the trial court heard wife's argument and denied her motion for reconsideration. Wife timely noted her appeal.

## ANALYSIS

Wife argues that the trial court erred in finding that the evidence was sufficient to prove the grounds for annulment based on fraud by clear and convincing evidence.

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). "'In determining whether credible evidence exists, the

appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses.'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

"The party charging fraud has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.' The fraud must be proved by clear and convincing evidence." Bartrouny v. Bartrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 722 (1991) (quoting Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)). See also Jacobs v. Jacobs, 184 Va. 281, 285, 35 S.E.2d 119, 120 (1945) ("where fraud is relied upon the burden of proof is upon the one alleging it, and that if it is not strictly and clearly proven as alleged, by circumstantial or direct evidence, no relief will be granted").

Husband alleged that wife committed fraud by entering into the marriage and having no intention to consummate it. He contends that prior to the marriage, he told wife that he wanted a wife with whom he would have sexual relations. She agreed. He relied on this assurance, and they were married. However, once they were married, she refused to have sexual relations with him. She later told Meena that she was not going to consummate the marriage and that she only married husband in order to come to the United States for the benefit of her daughter. Husband's son also corroborated husband's testimony. Husband's son testified that husband and wife showed no physical affection toward one another and that they often slept in different rooms. If husband and wife slept in the same room, then wife's daughter also slept with them.

Wife argues that husband did not meet his burden because he did not prove wife's intention at the time of the marriage. "To justify an annulment of the marriage there must be some clear evidence, circumstantial or direct, that the appellant did not intend before the

marriage or at the time of the marriage to become in truth and fact the wife of the appellee." Jacobs, 184 Va. at 296, 35 S.E.2d at 125. The parties' testimony is in conflict about whether they consummated the marriage. Wife testified that they had sexual relations on their wedding night. Husband testified that they never had sexual relations. He testified that she told him that she wanted to wait until she arrived in the United States. Wife's conduct corroborates husband's testimony. There was no evidence of any physical affection between the parties. When husband and wife went on their honeymoon, wife's daughter and Aktar went with the parties. Wife told Meena that she never intended to consummate the marriage. Husband's son testified that they were not affectionate toward one another and often slept in different bedrooms.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Here, the trial court found husband met his burden of proof and granted the annulment. The trial court found that the testimony from husband's son and Meena was "credible and corroborative" of husband. The evidence supports the trial court's ruling.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.