## CIRCUIT COURT OF HENRICO COUNTY

Geetoo Chhibber

v.

Kunal Nangia

June 30, 2011

Case No. CL10-943

By Judge Catherine C. Hammond

This matter is before the Court on Plaintiff's ("Wife's") complaint seeking annulment of a marriage pursuant to Va. Code § 20-89.1 and Defendant's ("Husband's") counterclaim for divorce pursuant to Va. Code § 20-91(9). The Court heard the evidence on June 27, 2011, and the arguments of counsel.

The parties met through an internet site. They first saw each other in August 2009. They married in Henrico County on September 24, 2009. Five months later, they participated in elaborate religious wedding ceremonies in India. Husband's parents went to considerable expense hosting the events in India, as did Wife's parents.

Wife is a United States citizen; Husband is an Indian national. The marriage allowed Husband to adjust his immigration status, and he applied for permanent residence on October 2, 2009. He received his "Employment Authorization Card" on November 17, 2009. (DX8.) In the meantime, on October 21, 2009, Husband received an offer of employment from Symantec Corporation in California, at an annual salary of $70,000.00. When Wife later withdrew her immigration sponsorship (DX10), Symantec filed a petition seeking permission for Husband to work in the United States; this petition was granted June 11, 2010. (DX13.)

Wife is a resident of Henrico County, Virginia. Husband has never lived in Virginia. He has lived in California since 2008. After the ceremonies in India, on March 13, 2010, Wife returned to the United States and joined Husband in California. She testified that he treated her very badly, denying her support, demanding that she limit her conversation, and refusing to have sexual intercourse. According to Wife, he said they would only have children by artificial insemination, which was a reversal of his promises

made before the marriage. According to Husband, he wanted to marry Ms. Chhibber based on shared values. He testified that he tried numerous times to become intimate but that Wife refused. After only seven days together, Wife left California on March 20, 2010, and the parties have been separated since then. On March 30, 2010, Wife filed the Complaint.

In order to obtain an annulment, Wife has the burden to prove a false representation of a material fact, made intentionally and knowingly, with intent to mislead, on which she relied, and by which she was damaged. *Mustafa v. Mustafa*, No. 2175-09-4, 2010 Va. App. LEXIS 139, at *5 (Va. App. Apr. 13, 2010) (*quoting Batrouny v. Batrouny*, 13 Va. App. 441, 443, 412 S.E.2d 721 (1991)). Under Virginia law, Wife must prove fraud by clear and convincing evidence. *Id.* (*quoting Batrouny*, 13 Va. App. at 443). Failure to consummate the marriage by sexual intercourse, by itself, is not grounds for an annulment. *Jacobs v. Jacobs*, 184 Va. 281, 296, 299, 35 S.E.2d 119 (1945).

The evidence is in conflict. Wife testified, in essence, that she was deceived by Mr. Nangia, who wanted to obtain permanent residence in the United States through marriage. However, this was not supported by other credible evidence, and some of Wife's testimony was not credible. For example, Wife testified that Husband did not provide a place to live and did not welcome her in California. However, it is undisputed that he met her at the airport and took her to the apartment newly rented. It is clear from the transcripts of online communications in March 2010 that Husband sought Wife's agreement in leasing a new apartment in California. There was no reason for Husband to lease a new apartment and seek Wife's approval of it, if his intent was to marry only for immigration reasons. In addition, Husband's family gave Wife expensive presents, and Husband's family spent nearly $150,000.00 on the wedding. This is inconsistent with fraud. With respect to Husband's immigration status, it was fairly easy for Mr. Nangia to obtain his employer's sponsorship. On the whole, the evidence did not establish any fraudulent purpose in the marriage. It appears that the parties were not compatible and the marriage was formed without adequate preparation.

The divorce will be granted on the one-year separation as requested in Husband's Counterclaim.