Alexandria

MARIA ELENA KHANNA

v.

TRILOCHAN SINGH KHANNA

No. 0562-93-4

Decided May 17, 1994

COUNSEL

Richard Peyton Whiteley (Legal Services of Northern Virginia, on brief), for appellant.

William Broady, for appellee.

OPINION

**FITZPATRICK, J.**—Maria Elena Khanna (wife) argues that the trial court erred in denying her motion to set aside a final decree of annulment pursuant to Code § 8.01-428, as having been procured by fraud.[1] We agree and reverse.

Wife separated from her husband on April 5, 1989, and went with a police officer to a community shelter for victims of domestic violence. Husband filed a criminal complaint against wife for assault and battery in the Fairfax County Juvenile and Domestic Relations District Court (hereinafter J&DR). Wife was arrested, released on her own recognizance, and assigned an attorney to represent her in the criminal proceeding. After several court appearances in May and June 1989, the criminal case was dismissed on July 26, 1989.

During the time when the assault proceedings were ongoing, husband initiated an annulment suit in the Fairfax County Circuit Court. He requested that the marriage be annulled because wife fraudulently entered into the relationship and never consummated the marriage. Husband requested constructive rather than personal service on wife pursuant to Code § 8.01-316(b), and filed an affidavit of due diligence on May 12, 1989, which provided in part, as follows:

> COMES NOW TRILOCHAN [SINGH] KHANNA, Complainant herein, and being first duly sworn, upon oath deposes and states that he does not know whether or not MARIA ELENA KHANNA, Defendant in the above case,

---

[1] By order, the Supreme Court of Virginia held that "a decree refusing to vacate or set aside an order of adoption is a final decree involving adoption." *Carlton v. Paxton*, Record No. 910689 (May 15, 1991). Accordingly, we conclude that wife's appeal from her independent action instituted pursuant to Code § 8.01-428, to set aside a final decree of divorce, is within this Court's appellate jurisdiction. *See* Code § 17-116.05.

is a resident of the State of Virginia, and *that he has exercised due diligence in attempting to locate her,* to no avail, her last known post office address or place of abode being, to the best of complainant's knowledge, information and belief, 8605-C Village Way, Alexandria, Virginia 22309.

(Emphasis added).

The circuit court granted husband's service by publication request. While wife's misdemeanor case was on the J&DR calendar, husband appeared in that court on several occasions after the annulment suit was initiated and the publication request made. During one or more of the parties' appearances in J&DR, husband asked his wife to disclose her address. She refused because she was not permitted to disclose the address of the shelter where she was residing. However, there were continuing contacts between the parties. Wife's criminal defense counsel testified that she spoke with husband, gave him her business card, and instructed him that if he wanted to communicate with his wife he should do so in writing through wife's counsel's office. Husband never contacted his wife's counsel while the annulment suit was pending. Husband denied ever being told by his wife's counsel to communicate through her office or receiving her business card. The final decree was entered August 10, 1989, and wife first learned of the annulment of the marriage in a letter sent to her by the Immigration and Naturalization Service in February 1992.

 Code § 8.01-316(1)(b) authorizes service by publication only when "[due] diligence has been used without effect to ascertain the location of the party to be served." "The object of Code §§ 8.01-316 and 8.01-317 is to protect parties by giving them notice and an opportunity to present a defense. Because service by publication constitutes constructive notice only, these sections must be strictly construed." *Carlton v. Paxton,* 14 Va. App. 105, 112, 415 S.E.2d 600, 604 (1992) (citing *Forrer v. Brown,* 221 Va. 1098, 1105, 277 S.E.2d 483, 486 (1981)) (other citations omitted). The grounds stated in the affidavit must in fact be true and not merely idle declarations having no factual basis. *Dennis v. Jones,* 240 Va. 12, 18, 393 S.E.2d 390, 393 (1990). Diligence, as used in the statute, requires "devoted and painstaking application to accomplish an undertaking." *Id.* at 19, 393 S.E.2d at 393.

It is uncontested that husband knew of and attended the pending criminal proceedings in J&DR which he initiated by complaint in April 1989; that he met with his wife in that court; and that during this same period of time he filed with the circuit court a sworn affidavit stating that he had used due diligence "in attempting to locate [his wife]." Although it is true that he did not know her precise address on May 12, 1989, he did know of the concurrent proceedings in J&DR. Wife's address was readily ascertainable from the sheriff's office, which served her arrest warrant, from the J&DR clerk's office or from the Commonwealth Attorney's office. In addition, husband's failure to reveal to wife the pending annulment suit prevented her from receiving actual notice by allowing possible acceptance of service. Husband clearly did not exercise the diligence required.

For the reasons set forth above, the judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Coleman, J., and Hodges, S.J.,* concurred.

---

* Retired Judge William H. Hodges took part in the consideration of this case by designation pursuant to Code § 17-116.01.