COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


WILLIAM H. JENNINGS, SR.
                                        OPINION BY
v.        Record No. 1143-97-1    JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 10, 1998
MARGARET D. JENNINGS


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Frederick B. Lowe, Judge

            Debra C. Albiston (Cynthia E. Cordle;
            Kaufman & Canoles, on briefs), for appellant.

            Moody E. Stallings, Jr. (Kevin E.
            Martingayle; Stallings & Richardson, P.C., on
            brief), for appellee.



      William H. Jennings, Sr., appeals the trial court's refusal

to vacate the parties' final decree of divorce.  He contends that

Margaret D. Jennings perpetrated a fraud upon the court by filing

a false affidavit in which she alleged that she had exercised due

diligence in seeking to locate him.  We affirm the judgment of

the trial court.

      The parties were married on June 30, 1936.  Ms. Jennings

sued for divorce in November, 1990.  Seeking constructive service

of process upon Mr. Jennings by order of publication, she

executed an affidavit providing Mr. Jennings' last known post

office address, attesting that he was not a resident of Virginia,

and stating that "due diligence" had failed to ascertain his

whereabouts.  Service of process on Mr. Jennings by order of

publication was completed.  A final decree of divorce <u>a</u> <u>vinculo</u>

matrimonii was entered on February 11, 1991.

On June 19, 1995, Mr. Jennings filed a bill of complaint seeking to vacate the divorce decree on the ground that it had been obtained by fraud. See Code § 8.01-428(D). The issue on appeal is whether the trial court erred in ruling that Mr. Jennings failed to prove that Ms. Jennings perpetrated a fraud upon the court.

A court may "entertain at any time an independent action . . . to set aside a judgment or decree for fraud upon the court." Code § 8.01-428(D).[1] Because "judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments," we construe the language contained in Code § 8.01-428(D) narrowly. Byrum v. Lowe & Gordon, Ltd., 225 Va. 362, 365, 302 S.E.2d 46, 48 (1983) (citation omitted).

In seeking to set aside the court's decree, Mr. Jennings bore the burden of proving fraud by clear and convincing evidence. See Batrouny v. Batrouny, 13 Va. App. 441, 443, 412

---

[1]The necessary elements of this action in equity are:

> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law."

Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992) (citation omitted).

S.E.2d 721, 723 (1991).  "Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief or conviction concerning the allegations sought to be established."  Ashmore v. Herbie Morewitz, Inc., 252 Va. 141, 147, 475 S.E.2d 271, 275 (1996), cert. denied, 117 S. Ct. 1254 (1997) (citation omitted).  See Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992).

Ms. Jennings testified that during the pendency of the divorce suit, she did not know Mr. Jennings' whereabouts and could not communicate with him.  In her efforts to ascertain his whereabouts, she contacted their accountant, Mr. Jennings' former landlord, a probation office, their two grown children, and Virginia Power, all to no avail.  Although the parties' son, William Jennings, Jr., sent mail to Mr. Jennings, he testified that at his father's direction, he refused to give his father's address to his mother.  Ms. Jennings received multiple telephone calls from creditors and former employees looking for Mr. Jennings.  They were unable to tell her his location.

The commissioner in chancery reported that Ms. Jennings had exercised due diligence in attempting to locate Mr. Jennings. The trial court sustained that finding and held that Mr. Jennings had failed to prove by clear and convincing evidence that Ms. Jennings had perpetrated a fraud on the court.  On review, we must affirm the trial court's judgment unless it is plainly wrong or without evidence to support it.  See McLaughlin v. McLaughlin,

2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986).

Mr. Jennings relies upon our decision in Khanna v. Khanna, 18 Va. App. 356, 443 S.E.2d 924 (1994). However, the facts and circumstances in Khanna differ from those presented here. In Khanna, the wife separated from her husband and took refuge in a shelter for victims of domestic violence. Id. at 357, 443 S.E.2d at 925. The husband filed a criminal complaint against his wife, and initiated a suit to annul their marriage. Id. He obtained constructive service of process on his wife in the annulment suit, averring that he had exercised due diligence in attempting to locate her, without effect. Id. Although the wife was not permitted to disclose the location of the shelter, she continued during the suit to have contact with the husband. Id. at 358, 443 S.E.2d at 925-26. Her attorney spoke with the husband, gave him her business card, and told him that he could communicate with his wife in writing through the attorney's office. Id. at 358, 443 S.E.2d at 926. We vacated the annulment decree, holding that the husband had failed to exercise the diligence required for service of process by publication. Id. at 359, 443 S.E.2d at 926.

Mr. Jennings refused to tell his wife where he was residing and prevented her being able to find him. After he left the marital home in January, 1990, he hid from Ms. Jennings and from his creditors. He had no telephone service, no apartment lease, no utilities or "anything in [his] name . . . for the simple

reason that [he] was involved in [a] . . . criminal case."  He argues that Ms. Jennings did not tell him of the divorce suit when he telephoned her in February, 1991.  However, this call occurred after Ms. Jennings had executed and filed her affidavit of due diligence and after completion of the order of publication.  Mr. Jennings admitted that he instructed their children, his attorney, and his accountant not to tell Ms. Jennings his whereabouts.

The record demonstrates that in preparation for the divorce suit Ms. Jennings attempted repeatedly and unsuccessfully to locate her husband, to no avail.  We cannot state that the trial court erred in ruling that Mr. Jennings failed to prove by clear and convincing evidence that by reporting these efforts under oath, Ms. Jennings perpetrated a fraud on the court.  Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>
