COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


CAROLYN ANNE COSSU

MEMORANDUM OPINION[*]
v.    Record No. 2932-98-2              PER CURIAM
JUNE 15, 1999
PATRICE COSSU


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

(W. Joseph Owen, III; Cowan & Owen, P.C., on
brief), for appellant.

(Charles E. Powers; Barnes & Batzli, P.C., on
brief), for appellee.


Carolyn Anne Cossu (wife) appeals the decision of the

circuit court denying her Petition to Reinstate this matter

following entry of the final decree of divorce.  Wife argues on

appeal that (1) there was sufficient evidence that Patrice Cossu

(husband) fraudulently failed to disclose the value of his

assets to warrant setting aside the final decree of divorce; (2)

the trial court erred by failing to set aside the final decree

of divorce and to reconsider the issues of equitable

distribution and spousal support; and (3) a party in a divorce

action has a duty to accurately state his assets.  Upon

reviewing the record and briefs of the parties, we conclude that

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

"Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . .  'The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled.'  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another."  <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

Wife contends that Code § 8.01-428(A) and (D)[1] authorized the trial court to grant her petition to reinstate this matter. We disagree.  Code § 8.01-428 provides:

> A.  <u>Default judgments and decrees pro confesso; summary procedure</u>.  Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction.  Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.
>
> B.  <u>Clerical mistakes</u>. Clerical mistakes in all judgments or other parts of the record

---

[1]Following the 1993 amendment, former Code § 8.01-428(C) now appears as subsection (D).  Based upon the argument made in this appeal, we assume that wife relies upon subsection (D).

-

and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.  During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

C.  Failure to notify party or counsel of final order.  If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to file an appeal therefrom, the circuit court may, within sixty days of the entry of such order, grant the party leave to appeal.  The computation of time for noting and perfecting an appeal shall run from the entry of such order, and such order shall have no other effect.

D.  Other judgments or proceedings.  This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Wife concedes that subsection (B) is not applicable to this case.

Wife was served with the Bill of Complaint and elected to proceed without representation.  She attended the depositions and the hearing to present the final decree.  The final decree

-

was neither a default judgment nor a decree pro confesso, and wife did not lack notice of the entry of the final decree. Therefore, by their express terms, neither Code § 8.01-428(A) nor (C) apply.

Wife also relies on subsection (D), the inherent authority of the trial court to relieve a party from a judgment through an independent action.

> The elements of this independent action in equity are:
>
> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law."

Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992) (citation omitted). "Because 'judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments,' we construe the language contained in Code § 8.01-428(D) narrowly." Jennings v. Jennings, 26 Va. App. 530, 533, 495 S.E.2d 544, 545-46 (1998) (citations omitted).

Wife alleged that husband fraudulently failed to disclose his assets. "'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and

-

conclusively. Fraud cannot be presumed.'" <u>Aviles v. Aviles</u>, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (citation omitted). The party alleging fraud "has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.' The fraud must be proved by clear and convincing evidence." <u>Batrouny v. Batrouny</u>, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (quoting <u>Winn v. Aleda Constr. Co.</u>, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)).

Husband did not disclose the existence of any pension plans or retirement benefits to which he was entitled through his employment with IBM for over twenty years. Husband did not list any pension or retirement benefits in his exhibit labeled "Property Jointly Owned." His deposition included the following exchange:

> [Counsel]: Did you own any other property at the time of your separation which we haven't already disclosed to the Court?
>
> [Husband]: No.

No pension benefits were included in the list of marital property set out in the final decree.

Nonetheless, we agree with the trial court's ruling that wife failed to establish fraud by husband. Nothing in the record proved that husband intentionally and knowingly failed to

-

disclose the existence of the pension or that he acted with the intent to mislead. We cannot presume such an intention in the absence of any evidence.

Wife had notice of the proceedings and was present at the depositions and the final hearing. She elected to represent herself. She had the opportunity to seek spousal support and to explore the value of marital assets. While "Virginia's statute 'mandates' that trial courts determine the ownership and value of all real and personal property of the parties . . . the litigants have the burden to present evidence sufficient for the court to discharge its duty." Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987). The deposition transcripts demonstrate that husband's counsel objected to wife's questioning on the grounds she exceeded the scope of the direct examination, but that he explained to wife that she was entitled to notice new depositions and call witnesses on her own. Therefore, the record does not support wife's contention that she was prevented from introducing evidence.

Neither Code § 20-107.3 nor § 20-107.1 authorized the trial court to revisit the issues of equitable distribution or spousal support after entry of the final decree of divorce. A trial court's authority to modify a previously entered equitable distribution decree is limited. See Code § 20-107.3(K). A trial court is not authorized to modify spousal support in the absence of a reservation of that right, see Dixon v. Pugh, 244

-

Va. 539, 543, 423 S.E.2d 169, 170-71 (1992), and is not obligated to reserve support <u>sua</u> <u>sponte</u>, <u>see</u> <u>Thomasson v. Thomasson</u>, 225 Va. 394, 397 n.1, 302 S.E.2d 63, 65 n.1 (1983). Therefore, we find no error in the trial court's denial of wife's petition to reinstate.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-