COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


MICHAEL P. MARTIN

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1071-04-2               CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                         SEPTEMBER 28, 2004
EILEEN M. MARTIN


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Irving M. Blank (ParisBlank, LLP, on brief), for appellant.

Matthew N. Ott (Matthew N. Ott, P.C., on brief), for appellee.


Michael P. Martin (husband) appeals the denial of his motion to modify spousal support

payments to Eileen M. Martin (wife).  We hold that the trial court properly denied husband's

modification request because there was no material change in circumstances to justify the support

modification.  Accordingly, we affirm.

I.  BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [wife], the prevailing

party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom."

Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v.

McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

So viewed, the evidence established that on October 10, 2002, the trial court entered a

final order that determined all matters of equitable distribution, spousal and child support.  At

that time husband was ordered to pay $4,000 per month in spousal support, and $1,150 per

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

month in child support for their two children.  After a review of the evidence presented, in the opinion letter used as the basis for this order, the trial court ruled:

> I will not impute income to [wife] as this time.  Although [wife] is well educated she needs additional time to adjust to being able to manage the children under her present circumstances.  The parties agreed that wife would be a "stay at home Mom" which would be in the best interests of the children.

This order was not appealed.  On March 3, 2003, husband and wife submitted an agreed order striking the case from the court's docket.

On November 17, 2003, husband filed a motion that requested, *inter alia,* that the trial court modify or "abate" the spousal support ordered on October 10, 2002.[1]  He cited the court's refusal to impute income to wife in the earlier final decree, that both children were now in school, the passage of time permitting wife to adjust to being a single mother, and wife's ability to find work.  He also presented an expert witness who testified that in his opinion there was work available for wife although she had never been employed in the specific fields listed.

Wife's evidence showed no change in her circumstances or work capability from the date of the original support order.  She continued to have adjustment problems that were exacerbated by husband's move with his new wife into her neighborhood, and his continued verbal harassment.  Neither party's financial situation had changed appreciably.  After reviewing depositions taken on December 22, 2003 and following an *ore tenus* hearing held January 9, 2004, the trial court denied husband's request for a modification of spousal support on February 4, 2004.

## II.  ANALYSIS

On appeal, husband contends that the trial court erred in denying his request to modify his support payments.

---

[1]  Husband also raised custody and visitation issues that are not involved in this appeal.

"We must affirm the decision of the trial court unless it is plainly wrong or without evidence to support it." Richardson v. Richardson, 30 Va. App. 341, 349, 516 S.E.2d 726, 730 (1999) (citing Jennings v. Jennings, 26 Va. App. 530, 534, 495 S.E.2d 544, 546 (1998)). A court may exercise the power granted by Code § 20-109 to modify a decree concerning spousal support if the party seeking the modification proves that a "material change of circumstance has occurred since the last award or hearing to modify support" and, additionally, that the change "'justifies an alteration in the amount of support.'" Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993) (quoting Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987)).

> In a petition for modification of child support and spousal support, the burden is on the moving party to prove a material change in circumstances that warrants a modification of support. The material change must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.

Richardson, 30 Va. App. at 347, 516 S.E.2d at 729 (internal citations and quotations omitted). Additionally, "[t]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

Husband's evidence fails to meet the first prong of this test. Given the facts of this case, we cannot say the trial court was plainly wrong in finding no modification appropriate. The evidence showed no change in husband's financial ability to make his support payments or new factors impacting wife's ability to work. While husband put on expert testimony that there were jobs available for wife, that was not the basis for the trial court's continued finding that she should "remain a stay at home Mom" for a longer period of time. The only change noted by the husband's evidence that occurred since the last hearing was that the youngest child was now in

school full-time.  This alone does not meet the threshold requirement of a material change in circumstances that would dictate a modification of support.

### III.  ATTORNEY FEES

Additionally, wife requested attorney's fees and costs incurred in this appeal.  We hold that wife is entitled to reasonable attorney's fees, and remand to the trial court with direction that it determine this amount.  See Courembis v. Courembis, 43 Va. App. 18, 33, 595 S.E.2d 505, 516 (2004) (citing O'Loughlin v. O'Loughlin, 23 Va. App. 690, 694, 479 S.E.2d 98, 100 (1996)).

Accordingly, we affirm the judgment of the trial court, and remand for an award of attorney's fees to wife.

Affirmed and remanded.