COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ALLAN HAYNES POWELL, S/K/A
  ALLEN HAYNES POWELL,
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2925-05-4            JUDGE ROSEMARIE ANNUNZIATA
                                                 MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Mark J. Yeager (Anna K. Livingston, Assistant Public Defender, on
brief), for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Allan Haynes Powell appeals his conviction for driving with a revoked license while a

habitual offender.  He contends that the underlying order adjudicating him as a habitual offender

was void and, thus, his conviction for driving while a habitual offender should be reversed.  We

hold that the underlying order was valid, and we affirm the conviction.

I.

The evidence at trial proved that on March 29, 2005, Officer James Sheeran detained Powell

in Fairfax County because Powell was driving a vehicle with an expired inspection sticker.  Powell

did not have a valid driver's license and initially gave the officer an alias.  The officer testified

Powell later admitted that "he had lied about the name, and that he had lied because he was a

habitual offender."

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial record also establishes that in March 1976 a judge of the Circuit Court of the City of Norfolk ordered Powell to appear on April 28th to show why he should not be barred from operating a motor vehicle in the state in accordance with the habitual offender statute. The show cause order referred to an information filed by an attorney for the Commonwealth on March 22, 1976, and the order provided for service upon appellant at "612 W. Ocean View Ave, Norfolk, Virginia," which the Division of Motor Vehicles (DMV) had certified as Powell's most recent address. The sheriff's return on the show cause order stated that Powell could not be found because he had moved six to eight months previously. Based upon a second information dated March 22, 1976, in which the prosecutor requested a show cause hearing on May 21, 1976, the circuit court judge issued a new show cause order. In the order, the circuit court judge set a show cause hearing on May 21, 1976 and ordered service upon Powell by publication in a newspaper having general circulation in the City of Norfolk. Powell was not present at the May 21 hearing when the circuit court judge found that Powell was a habitual offender. In doing so, the judge noted in his order "that [Powell] has been duly cited to appear and could not be served with process and that [notice] has been published once a week for four successive weeks in a newspaper with general circulation in the City of Norfolk." The judge entered the order adjudicating Powell to be a habitual offender on May 21, 1976.

After considering this evidence and at the conclusion of all the evidence at the trial in Fairfax County, the trial judge denied Powell's motions to strike the evidence and convicted Powell of driving on a revoked operator's license after having been adjudicated a habitual offender. See Code § 46.2-357. Powell filed three successive motions to set aside the verdict. The last of the three motions alleged the underlying habitual offender adjudication was "void because the Circuit Court of the City of Norfolk lacked personal jurisdiction over . . . Powell" due to improper service by order of publication. The trial judge denied the motions, ruling on

the last motion that the Commonwealth was entitled to "rely on his most recent address on the DMV records in serving him with the show cause." The trial judge also noted in her ruling that Powell "was personally served with the court's order adjudicating him an habitual offender on June 30, 1976 in the City of Norfolk."

## II.

Powell appeals his conviction for driving while a habitual offender. He challenges the underlying 1976 adjudication of him as a habitual offender on the ground that service was defective. Specifically, he contends that the adjudication order is void because the Commonwealth failed to prove it met the requirements for service by publication as required by the statutes in effect in 1976. The Commonwealth responds that the service by publication was proper and, nonetheless, Powell's actual knowledge of his habitual offender status rendered any defect in the underlying order inconsequential.[1]

---

[1] At oral argument, the Commonwealth relied on Code § 8.01-288 to support the argument that the personal service to Powell a month after the order adjudicating him as a habitual offender cured any defect in the notice of publication. Code § 8.01-288 provides:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

We note only that "[p]rocess is an official notice informing the recipient of a *pending* action filed and advising when a response is required." Bendele v. Va. Dep't of Med. Assistance Servs., 29 Va. App. 395, 398, 512 S.E.2d 827, 829 (1999) (emphasis added). Powell's actual notice of the habitual offender proceeding, received after the entry of the adjudication order, did not excuse the Commonwealth from complying with the statute regarding notice by publication. "In order for a court to obtain jurisdiction over the person of a defendant, process must be served in the manner provided by statute." Steed v. Commonwealth, 11 Va. App. 175, 178, 397 S.E.2d 281, 284 (1990). "[A] judgment entered by a court which lacks jurisdiction over a defendant is void against that defendant[.]" Slaughter v. Commonwealth, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981).

Code § 46.2-357(A) provides, in pertinent part: "It shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." In 1976, the statute governing service on a person named as a habitual offender provided that "[a] copy of the show cause order and such transcript or abstract [of conviction record] shall be served on the person named therein in the manner prescribed by law for the service of notices." Code § 46.1-387.5 (1950) (repealed 1989). At the time, the statute governing service by publication provided as follows:

> On affidavit that a defendant is a foreign corporation or not a resident of this State, or that diligence has been used by or on behalf of the plaintiff to ascertain in what county or corporation he is, without effect, or that process, directed to the officer of the county or corporation in which he resides, or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed, an order of publication may be entered against the defendant.

Code § 8-71 (1950) (current version at Code § 8.01-316).

The object of the Virginia statutes authorizing service by publication "'is to protect parties by giving them notice and an opportunity to present a defense. Because service by publication constitutes constructive notice only, these sections must be strictly construed.'" Khanna v. Khanna, 18 Va. App. 356, 358, 443 S.E.2d 924, 926 (1994) (quoting Carlton v. Paxton, 14 Va. App. 105, 112, 415 S.E.2d 600, 604 (1992)). In this context, the requirement of diligence in searching for a defendant's location means "'devoted and painstaking application to accomplish an undertaking.'" Id. (quoting Dennis v. Jones, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990)).

The record contains no affidavit in which the prosecutor swore that he exercised diligence in searching for Powell to serve him with the initial show cause order and transcript of his driving record. The record shows that after the sheriff's return indicated personal service

- 4 -

could not be made upon Powell at the address he had provided DMV, the circuit court judge entered a show cause order providing that appellant be served by publication. Thereafter, at the show cause hearing on May 21, the trial judge ordered that Powell "had been duly cited to appear and could not be served with process."

"Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity." Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001). In other words,

> "[a]s a general principle, when a prior order of a court with jurisdiction to hear a matter is collaterally attacked, 'the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.""'"

Clements v. Commonwealth, 43 Va. App. 56, 60, 596 S.E.2d 88, 89-90 (2004) (quoting Thompson v. Commonwealth, 27 Va. App. 620, 624, 500 S.E.2d 823, 824-25 (1998)). Thus, in his collateral attack of the order adjudicating him a habitual offender, Powell bore the burden of rebutting the presumption that the order correctly stated service by publication had been accomplished in accordance with the statute in effect in 1976. See Sawyer v. Commonwealth, 43 Va. App. 42, 52-53, 596 S.E.2d 81, 86 (2004) (upholding the admission of evidence of an earlier uncounseled conviction because appellant did not produce evidence rebutting the presumption of regularity).[2]

---

[2] Although Virginia cases regarding service by publication have not specifically applied the presumption of regularity, the cases finding service by publication insufficient rest on affirmative evidence establishing service had not been accomplished in accordance with the prevailing statutes. See, e.g., Dennis, 240 Va. at 14-15, 393 S.E.2d at 391-92 (reversing where the defendant proved that the facts asserted in the affidavit in support of service by publication were not true); Slaughter, 222 Va. at 790, 284 S.E.2d at 826 (reversing where the defendant testified that he was living in-state at the time of his habitual offender adjudication and not out-of-state as the Commonwealth had claimed); Khanna, 18 Va. App. at 359, 443 S.E.2d at 926 (evidence proved defendant's address was readily ascertainable); Carlton, 14 Va. App. at 113,

Powell presented the following evidence: the DMV certified his most recent address as of 1976 in Norfolk, Virginia; he had moved six to eight months previously; the Norfolk sheriff was unable to provide personal service; and the Circuit Court of the City of Norfolk provided service by publication in the Norfolk City newspaper. Powell did not present any affirmative evidence showing that the Commonwealth did not comply with the requirements of Code § 8-71. Instead, he relies on the absence in the record of an affidavit of diligence.

Whether the absence of an affidavit of diligence in the record rebuts the presumption of regularity afforded a court order based on notice by publication has not been addressed by the Commonwealth's appellate courts. In <u>Virginia & West Virginia Coal Co. v. Charles</u>, 251 F. 83, 114 (W.D. Va. 1917), <u>aff'd</u> 254 F. 379 (4th Cir. 1918), however, the court held that a decree stating an order of publication had been "duly published and executed" was not open to collateral attack based on the absence of the affidavit in the record. Specifically, the authoring judge wrote:

> The statute [governing notice by publication] . . . does not in terms require that the affidavit be reduced to writing, nor do I know of any requirement, if it was reduced to writing, that it appear as part of the record. But, if there is any defect in this respect, the presumption in favor of the regularity of the proceeding covers the point.

---

415 S.E.2d at 604-05 (appellant proved that the trial judge misapplied the law governing notice by publication by requiring only substantial compliance rather than strict compliance with the statute). Here, the record includes two informations filed by the prosecutor. Neither contains a statement regarding the diligence exercised in locating Powell for service of the show cause order. However, by definition an "information" is a "written accusation of crime" that names the accused, describes the offense, and states where and when the offense was committed. See Code §§ 19.2-216 and 19.2-220. An information is issued at the initial stages of a criminal proceeding. Therefore, by necessity or definition, an information would not be expected to contain a statement regarding the effort made to effectuate service upon a defendant. Accordingly, we decline to treat the absence of such a statement in an information as affirmative proof that the presumption of regularity is not applicable or, if applicable, has been rebutted.

- 6 -

Id.  See also 1 Charles E. Friend, Virginia Pleading and Practice § 4-3(f), at 142 n.231 (1998).

We hold that the absence of the affidavit in this case does not rebut the presumption of regularity afforded the adjudication order stating that notice by publication was done in accordance with the statute.  See Reed v. Commonwealth, 15 Va. App. 467, 470, 424 S.E.2d 718, 719-20 (1992) (habitual offender adjudication order stating the show cause order had been "duly executed" upon the defendant was sufficient to prove he had notice of the habitual offender proceeding against him).

Finally, we note that the presumption of regularity is not affected by the well-established principle requiring strict compliance with Virginia statutes regarding service by publication.  See, e.g., Carlton, 14 Va. App. at 112, 415 S.E.2d at 604.  This principle, heightening the requirements a party must meet in order to serve process by publication, does not change the presumption upon collateral attack that the original order conformed to law.

For these reasons, we hold that Powell did not show that the underlying order adjudicating him as a habitual offender was void.  Accordingly, we affirm the conviction.

Affirmed.

Benton, J., dissenting.

I dissent from the majority's conclusion that the presumption of regularity prevents Allan Haynes Powell from successfully collaterally attacking the order adjudicating him as a habitual offender. Powell argues that the "Code sections allowing for service by publication must be strictly construed" and that the record established the 1976 order adjudicating him a habitual offender was entered without compliance with these statutes. The case law and the record support his argument.

## I.

In 1976, several statutes governed service of process on a person who was to be tried as a habitual offender. In pertinent part, Code § 46.1-387.4 read as follows:

> The attorney for the Commonwealth, upon receiving the aforesaid transcripts or abstracts from the Commissioner, shall forthwith file information against the person named therein in the court of record having jurisdiction of criminal offenses in the political subdivision in which such person resides.

In addition, Code § 46.1-387.5 provided that "[a] copy of the show cause order and such transcript or abstract [of conviction record] shall be served on the person named therein in the manner prescribed by law for the service of notices." At that same time in 1976, the statute governing service by publication provided as follows:

> On affidavit that a defendant is a foreign corporation or not a resident of this State, or that diligence has been used by or on behalf of the plaintiff to ascertain in what county or corporation he is, without effect, or that process, directed to the officer of the county or corporation in which he resides, or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed, an order of publication may be entered against the defendant.

Code § 8-71 (1950) (current version at Code § 8.01-316).

The principle is well established in Virginia that an order of publication, which is in lieu of process and is a statutory means of notifying a party that his rights will be affected by a court

- 8 -

proceeding, gives only constructive notice. <u>Dennis v. Jones</u>, 240 Va. 12, 18, 393 S.E.2d 390, 393 (1990); <u>Peatross v. Gray</u>, 181 Va. 847, 858, 27 S.E.2d 203, 209 (1943). "Because the notice is constructive only, the order of publication and the statutes authorizing it both must be strictly construed." <u>Forrer v. Brown</u>, 221 Va. 1098, 1105, 277 S.E.2d 483, 486 (1981); <u>see also</u> <u>Steinman v. Jessee</u>, 108 Va. 567, 572, 62 S.E. 275, 277 (1908) (holding that absent this strict construction "a party's rights cannot be taken from him without a day in court"). Thus, the statutory requirements, which were contained in Code § 8-71 in 1976, for an affidavit supporting the issuance of an order of publication must be strictly adhered to. <u>See</u> <u>Dennis</u>, 240 Va. at 18-20, 393 S.E.2d at 393-94 (reversing a conviction where the defendant proved that the facts asserted in the affidavit in support of service by publication were not true and due diligence was not used); <u>Slaughter v. Commonwealth</u>, 222 Va. 787, 790, 284 S.E.2d 824, 826 (1981) (reversing a conviction because the defendant was living in-state at the time of his habitual offender adjudication, the defendant's last known address was in Virginia, but the publication notice proceeded as if the defendant was residing out-of-state); <u>Carlton v. Paxton</u>, 14 Va. App. 105, 113-14, 415 S.E.2d 600, 604-05, <u>aff'd on reh'g en banc</u>, 15 Va. App. 265, 422 S.E.2d 423 (1992) (reversing a judgment where the record did not show strict compliance with the statute).

II.

The evidence in this record proved that in March 1976 a judge of the Circuit Court of the City of Norfolk issued an order directing Powell to appear in court on April 28th to show cause why he should not be barred from operating a motor vehicle in the state in accordance with the habitual offender statute. The show cause order referred to an information, dated March 22, 1976, which had been filed by an attorney for the Commonwealth as required by Code § 46.1-387.4. The information, which is contained in the record, was "subscribed and sworn" by

- 9 -

the attorney for the Commonwealth before a notary public as an affidavit, and it alleged that

Powell had committed offenses making him eligible for habitual offender status.

The evidence in this record further proved that, after the sheriff had been unsuccessful in

serving the process and filed his return indicating Powell had moved from his last known address

on Ocean View Avenue, the judge issued a second show cause order directing service of process

upon Powell by publication for a hearing to be held May 21, 1976.  This order of March 29,

1976, which is in the record, recites that the publication order was based on the "information . . .

filed in the Circuit Court of the City of Norfolk, on the 22nd day of March 1976."  In pertinent

part, the order further recites the following:

> It appearing to the Court that said information is in proper
> form, it is therefore Ordered that a certified copy of this Order
> together with a certified transcript or abstracts of conviction record
> maintained in the Office of the Division of Motor Vehicles,
> Richmond, Virginia, relating to the said ALLEN HAYNES
> POWELL be served upon the said ALLEN HAYNES POWELL
> . . . W. Ocean View Ave, Norfolk, Virginia, ordering him to appear
> in Circuit Court of the City of Norfolk. . . .
>
>         *     *     *     *     *     *     *
>
> ALLEN HAYNES POWELL, in the City of Norfolk,
> Please Take Notice that the foregoing Order will be published once
> a week for four successive weeks in the Observer, a newspaper
> having a general circulation in the City of Norfolk.

The certification of the clerk of court was appended to the order, attesting that the order also was

posted on the front door of the courthouse and mailed to Powell at his last known address.  The

record contains a copy of the published notice, which is a verbatim recitation of the order of

publication.

This publication order, which is in the record, was based upon the March 22, 1976 sworn

information.  In other words, the same information, which was initially filed before the sheriff

was unable to find Powell at his last known residence, was relied upon to satisfy the requirement of Code § 8-71. This affidavit, which is in the record, did not assert, however,

> that diligence has been used . . . to ascertain in what county or corporation [Powell] is, without effect, or that process, directed to the officer of the county or corporation in which [Powell] resides, or is, has twice delivered to such officer more than ten days before the return day, and been returned without being executed.

Code § 8-71. Thus, the order of publication improperly relied upon this information, which was subscribed and sworn as an affidavit, and failed to satisfy the requirements of Code § 8-71.

Our decision in Carlton is instructive. There, we held that an order was void because service of process by publication failed to comply with the statute. 14 Va. App. at 113-14, 415 S.E.2d at 604-05. In that case, the natural father of a child filed a complaint in circuit court to vacate a final order of adoption. 14 Va. App. at 107, 415 S.E.2d at 601. He attacked the decree partially on the grounds that the court that entered the final adoption order lacked personal jurisdiction over him. Id. at 108, 415 S.E.2d at 601. The record indicated the court had ordered service by publication, but the record did not reflect that a copy of the order was ever mailed to the father's address stated in the affidavit, as the statute required. Id. at 107-08, 415 S.E.2d at 601. In response to the bill of complaint collaterally attacking the final order of adoption, the trial judge ruled "it was reasonable to conclude that a mailing had occurred and that there had thus been substantial compliance with Code § 8.01-317," even though the record lacked proof that a copy of the order was mailed to the father. Id. at 108-09, 415 S.E.2d at 602. Upon review, we applied the long-standing rule that service by order of publication as permitted by statute constitutes constructive notice and requires strict adherence to its terms. Id. at 112, 415 S.E.2d at 604. Thus, we concluded as follows:

> In finding substantial compliance with the statute, the trial court assumed that the requirement of mailing had actually been complied with. However, the evidence did not rise to a level to

- 11 -

> support a finding of actual compliance because of a key omission from the record.

Id. at 113, 415 S.E.2d at 604.  In this case, as in Carlton, "the evidence did not rise to a level to support a finding of actual compliance because of a key omission in the record."  Id.

The rule is well established in Virginia law, that "[a] court acquires no jurisdiction over the person of a defendant until process is served in the manner provided by statute."  Slaughter, 222 Va. at 791, 284 S.E.2d at 826.  When a habitual offender adjudication is obtained without strictly complying with the publication statutes, the jurisdictional "defect renders the order of adjudication void *ab initio*."  Id. at 793, 284 S.E.2d at 827.  Due to the insufficiency of the affidavit under Code § 8-71, the order of publication was invalid and the court lacked personal jurisdiction over Powell when it adjudicated him as a habitual offender.  Thus, the adjudication order was void for want of jurisdiction.

The Commonwealth argues that Powell's reliance on Slaughter is misplaced.  In his brief on appeal, Powell aptly discusses the facts of Slaughter, noting that the "Supreme Court addressed the issue of defective service and its effect on an habitual offender adjudication" and further noting that the Supreme Court "overturned Slaughter's conviction because process had not been served in the manner provided by statute and thus [held] the Circuit Court . . . lacked personal jurisdiction over Slaughter."  While the facts of Slaughter are not similar to the facts of this case, the legal principle applied in Slaughter is germane here:  the failure to comply with the mandatory statutory requirement was a "defect [that] renders the order of adjudication void *ab initio*."  222 Va. at 793, 284 S.E.2d at 827.

At oral argument, the Commonwealth also relied on Code § 8.01-288 to support the argument that personal service of the habitual offender order upon Powell a month after entry of the order adjudicating him as a habitual offender cured any defect in the notice of publication.  Code § 8.01-288 provides:

- 12 -

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

I agree with the majority opinion's note that this statute could not cure the defect because "[p]rocess is an official notice informing the recipient of a *pending* action filed and advising when a response is required." Bendele v. Dep't of Medical Assistance Servs., 29 Va. App. 395, 398, 512 S.E.2d 827, 829 (1999) (emphasis added). When Powell was served with the order adjudicating him a habitual offender, the proceeding adjudicating him a habitual offender had ended and the order was final.

For these reasons, I would hold the trial judge erred in denying the motion to set aside the verdict, and I would reverse the conviction and dismiss the indictment.