COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Huff and Callins

DEON CARTER

MEMORANDUM OPINION*
PER CURIAM
JANUARY 24, 2023

v. Record No. 0955-22-2

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Herbert M. Hewitt, Judge

(Deon Carter, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.

This appeal raises the question of whether the trial court erred in summarily denying Deon

Carter's motion to vacate his 2002 convictions for first-degree murder, use of a firearm in the

commission of first-degree murder, and robbery. The trial court found that Carter's pleadings failed

to sufficiently show his convictions resulted from extrinsic fraud perpetrated upon the court. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In 2000, Carter was charged with capital murder,[1] use of a firearm in the commission of

murder, and robbery. At a plea hearing on June 24, 2002, the Circuit Court of Westmoreland

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Effective July 1, 2021, the legislature abolished the death penalty and amended Code
§ 18.2-31 to refer to premeditated murder with specific aggravators, including the murder of a
law enforcement officer, as "aggravated murder" rather than "capital murder." *See* Code
§18.2-31(A)(6); *see also* 2021 Va. Acts Spec. Sess. I chs. 344, 345.

County (the "trial court") first granted the Commonwealth's motion to amend the capital murder indictment to first-degree murder and then accepted Carter's plea of guilty to first-degree murder, use of a firearm in the commission of murder, and robbery. The trial court imposed a sentence in accordance with the plea agreement, which was life in prison for first-degree murder, 60 years in prison with 50 years suspended, for robbery, and the mandatory sentence of three years for using a firearm in the commission of a murder. Carter was represented by Mark S. Gardner and Beverly J. Haney in the criminal proceedings. Carter did not appeal his convictions to this Court or the Supreme Court of Virginia.

On January 16, 2008, Carter filed a habeas corpus petition in the trial court, which was dismissed with prejudice on March 19, 2008. He then filed a habeas corpus petition in the United States District Court for the Eastern District of Virginia on February 10, 2009, which was dismissed with prejudice on January 26, 2010. Carter also filed two prior motions to vacate his convictions in the trial court, both of which were denied. The Supreme Court of Virginia refused Carter's appeals.

Carter filed his latest motion to vacate on March 29, 2022, asking the trial court to vacate the judgments against him on the ground that his trial attorneys misadvised him about pleading guilty and thus coerced involuntary guilty pleas. In that motion, Carter claimed that his trial counsel advised him to plead guilty to first-degree murder out of concern that Carter would receive a death sentence if he went to trial for capital murder. Carter argued that his trial counsel knew at the time that the Commonwealth was unable to prove a capital murder charge because the prosecution could not definitively show whether Carter or his co-defendant shot the victim. He, therefore, concluded that "a fraud was committed upon the court in obtaining Carter's guilty plea based upon a false representation" and asked the trial court to vacate his convictions in accordance with Code § 8.01-428.

On April 12, 2022, the trial court sua sponte denied Carter's motion and made the following findings in its order:

> Defendant submits that his attorney's alleged untruthful and fraudulent advice was the sole reason for his admitting his guilt and not presenting his cases to a jury for determination, thereby perpetrating a fraud upon the court.
>
> Black's Law Dictionary defines fraud as "an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right."
>
> If a fraud was perpetrated it was not upon the court but upon Deon Carter by his attorney. The court does not take part in the confidential discussions between client and attorney.
>
> The determination of whether or not a criminal defense attorney has been ineffective or has perpetrated a fraud upon his client in the course of his representation is resolved in a Petition for *habeas corpus* for ineffective assistance [of counsel].
>
> The statute of limitations has long run for Defendant to bring such matters before the court.
>
> Therefore, the Motion to Vacate Void Judgment is denied with prejudice without a hearing.

This appeal followed.

ANALYSIS

Carter asserts the trial court erred: (1) in finding that his pleadings failed to establish extrinsic fraud upon the court, (2) in failing to find that Code § 8.01-428(D) was an appropriate method for arguing fraud upon the court, and (3) in failing to explore whether the "fraud committed by [Carter's] attorney was extrinsic in nature." This Court finds no error in the judgment and affirms the trial court's ruling.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court . . . for twenty-one days after the date of entry, and no longer." Rule 1:1(a). Code § 8.01-428 provides limited exceptions to Rule 1:1, and provides in relevant part:

D. Other judgments or proceedings. -- This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Because Code § 8.01-428 "does not create new rights or remedies" it is construed "narrowly to advance the principle of finality of judgments." *Va. Polytechnic Inst. & State Univ. v. Prosper Fin., Inc.*, 284 Va. 474, 483 (2012). "The party seeking to set aside a default judgment in an independent action brought pursuant to . . . Code § 8.01-428(D) must prove each of the following five elements":

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* (quoting *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18 (1992)). Carter assigns error to the trial court's finding that his pleadings failed to prove the Commonwealth obtained his criminal convictions by fraud, thus preventing him from obtaining the benefit of his defense.

"Fraud consists of a false representation of a material fact, made intentionally and knowingly, with the intent to mislead, upon which the defrauded person relies to his detriment." *Peet v. Peet*, 16 Va. App. 323, 327 (1993). "The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed." *Aviles v. Aviles*, 14 Va. App. 360, 366 (1992) (quoting *Redwood v. Rogers*, 105 Va. 155, 158 (1906)). The party alleging fraud "has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" *Batrouny v. Batrouny*, 13 Va. App. 441, 443 (1991) (quoting *Winn v. Aleda Constr. Co., Inc.*, 227 Va. 304, 308 (1984)). When seeking to set aside the trial court's judgment of conviction, it is the petitioner's burden to prove fraud by clear and convincing evidence. *See*

*Jennings v. Jennings*, 26 Va. App. 530, 534 (1998). "On review, we must affirm the trial court's judgment unless it is plainly wrong or without evidence to support it." *Id.*

Two types of fraud are relevant to analysis of Carter's claim: extrinsic fraud and intrinsic fraud. "Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of "conduct which prevents a fair submission of the controversy to the court."'" *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (en banc) (quoting *Peet*, 16 Va. App. at 327). It includes "purposely keeping [the unsuccessful party] in ignorance of the suit . . . . In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial . . . ." *McClung v. Folks*, 126 Va. 259, 270 (1919) (quoting *Pico v. Cohn*, 25 P. 970, 971, *aff'd on reh'g*, 27 P. 537 (1891)). Under such circumstances, "[a] collateral challenge to a judgment . . . is allowed because such fraud perverts the judicial processes and prevents the court or non-defrauding party from discovering the fraud through the regular adversarial process." *Peet*, 16 Va. App. at 327. "Extrinsic fraud, therefore, is fraud that . . . 'deprives a person of the opportunity to be heard.'" *G.F.M.*, 35 Va. App. at 660 (alteration in original) (quoting *Hagy v. Pruitt*, 529 S.E.2d 714, 717 (S.C. 2000)). A judgment procured by extrinsic fraud "is *void* and subject to attack, direct or collateral, at any time." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)).

In contrast, "'[i]ntrinsic fraud' includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Peet*, 16 Va. App. at 326-27. "Although a judgment obtained by 'extrinsic fraud' is void and, therefore, subject to direct or collateral attack, a judgment obtained by 'intrinsic fraud' is merely voidable and can be challenged only by direct appeal or by a direct attack in an independent proceeding." *Id.* at 326. That is, a judgment procured by intrinsic fraud "is *voidable* by direct attack at any time before the judgment becomes final." *Jones*, 224 Va. at 607.

"A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact." *Peet*, 16 Va. App. at 327. "When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced." *Id.* That is, "it is settled beyond controversy that a [judgment] will not be vacated merely because it was obtained by forged documents or perjured testimony." *McClung*, 126 Va. at 269 (quoting *Pico*, 25 P. at 971).

In this case, Carter was indicted for capital murder and, after consulting with his attorneys, agreed to plead guilty to first-degree murder. He now maintains that if he knew at the time that the Commonwealth could not prove capital murder, he would not have pleaded guilty, and he suggests that if the trial court was made aware of that fact it would not have accepted his guilty pleas in the first instance. He concludes that the trial court was essentially deceived into accepting his guilty pleas.

We first note that even if the Commonwealth's evidence was insufficient to prove capital murder, nothing in the record indicates that Carter did not commit first-degree murder. Indeed, Carter made incriminating statements upon his arrest, and he signed a plea agreement stating that his trial attorneys had discussed the nature of the charges to which he was pleading guilty, the elements of the offenses, and any possible defenses he might have had to the charges. The plea agreement, signed by Carter, also contained an admission that he committed the offenses and a statement that he was pleading guilty "freely and voluntarily." Carter was present in the courtroom when the Commonwealth amended the indictment from capital murder to first-degree murder, and he participated in all the proceedings relevant to his case. Thus, Carter has failed to show either that the judgment was one that should not be enforced, or that he had a good defense to the charge of

first-degree murder. His involvement in the commission of the offenses was firmly established, even if the Commonwealth could not prove whether it was Carter or his co-defendant who actually pulled the trigger. Moreover, Carter had a remedy at law by way of habeas corpus for ineffective assistance of counsel. Thus, he has failed to prove all five elements necessary to prevail under Code § 8.01-428(D). *See Va. Polytechnic Inst.*, 284 Va. at 483.

The record also fails to show that, in accepting Carter's guilty pleas, the trial court was acting under any particular misperception induced by extrinsic fraud. That is, Carter has not proven that a false representation of a material fact was made intentionally and knowingly with the intent to mislead the trial court or that was relied upon by the trial court, resulting in damage to the trial court. *Batrouny*, 13 Va. App. at 443. Rather, the trial court, which was not a party to the case, merely accepted Carter's guilty pleas and imposed the sentences. As the trial court observed in its denial order, trial courts do not take part in the confidential discussions between criminal defendants and their respective attorneys and, if any fraud did occur in this case, it occurred between Carter and his attorneys. "A finding of extrinsic fraud . . . must be supported by clear and convincing evidence." *Gulfstream Bldg. Assocs. v. Britt*, 239 Va. 178, 183 (1990). "Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief or conviction concerning the allegations sought to be established." *Jennings*, 26 Va. App. at 533 (quoting *Ashmore v. Herbie Morewitz, Inc.*, 252 Va. 141, 147 (1996)).

In sum, Carter has not shown that the acceptance of his guilty pleas to the crimes in which he was involved resulted from extrinsic fraud perpetrated upon the court.[2] Rather, his motion served as an impermissible collateral attack upon the trial court's judgment and an attempt to circumvent the finality of the trial court's acceptance of his guilty pleas. "Virginia law does not

---

[2] This Court need not decide whether the facts alleged were sufficient to show intrinsic fraud, inasmuch as Code § 8.01-428(D) clearly requires proof of *extrinsic* fraud.

permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Jones v. Commonwealth*, 293 Va. 29, 53 (2017). Therefore, this Court leaves undisturbed the trial court's denial of Carter's motion to vacate his convictions.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*