# MARY E. CHARLES

## V.

# PRECISION TUNE, INC.

Record No. 910571

February 28, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Malcolm B. Higgins, II (William R. Wahab*, on briefs), for appellant.

*Lance A. Jackson (Breeden, MacMillan & Green*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider the application of Code § 8.01-428(C) which permits a party to file an independent action to set aside a default judgment.

In March 1990, Mary E. Charles filed a motion for judgment against Precision Tune, Inc. She alleged that she had incurred personal injuries and property damage as a result of Precision Tune's negligence and breach of warranties related to work performed on her car.

The motion for judgment was served upon Anita K. Blair, the registered agent and vice president of Precision Tune. Ms. Blair forwarded the motion for judgment to Precision Automotive, Inc., which is a franchisee of Precision Tune. Ms. Blair informed an employee of Precision Automotive that "[y]ou should look into this matter immediately and contact us in order that we can coordinate responses." Jerry M. Veltmann, Precision Automotive's corporate counsel, replied to Ms. Blair by letter stating that Precision Automotive "will be retaining a lawyer . . . to defend on this action and to substitute Precision Automotive for Precision Tune."

In March 1990, a lawyer trying to solicit Precision Tune's business, informed Mr. Veltmann by letter, "I note that one of the matters in question may require action to vacate a judgment, and the time within which you must act to do so under Virginia law is limited." In April 1990, the lawyer again wrote a letter to Mr. Veltmann and informed him that no action had been taken to defend Ms. Charles' motion for judgment.

Counsel was not hired to defend the action. Responsive pleadings were not filed, nor was Precision Automotive substituted as a defendant for Precision Tune.

Ms. Charles filed a motion for default judgment, and the court held a hearing on the motion and heard evidence. The court entered a judgment in favor of Ms. Charles for $1,809.35 for property damage to her car, and $10,931.00 for her personal injuries, plus costs.

In August 1990, Ms. Charles filed a garnishment summons in which she sought to garnish $13,182.68 from a bank account owned by Precision Tune. Precision Tune then filed a "Motion to Set Aside Default Judgment and to Quash Execution." Precision Tune also filed a bill in chancery "seeking to set aside the default judgment on grounds of equity and fairness under Virginia Code § 8.01-428(A) and (C)."

The trial court entered an order which consolidated the original proceeding, the garnishment proceeding, and the bill in equity. Precision Tune argued that it was not a proper party to Ms. Charles' personal injury action because its franchisee, Precision Automotive, which is a separate corporation, committed the acts which Ms. Charles alleged constituted negligence and breaches of warranties. The court held that Code § 8.01-428(C) conferred upon it the power to set aside a default judgment in an independent action "under the circumstances where equity requires it." The court set aside the default judgment and ordered an award of attorney's fees to Ms. Charles' counsel. We awarded Ms. Charles an appeal.

Ms. Charles argues that Code § 8.01-428(C) does not confer a general grant of power upon a trial court to set aside a default judgment. Precision Tune argues, however, that Code § 8.01-428(C) grants the trial court broad discretion to exercise its equity powers and permits "a court of equity to relieve a party from any judgment in an independent action."

Code § 8.01-428 states:

A. Default judgments and decrees pro confesso; summary procedure. — Upon motion of the judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

B. Clerical mistakes. — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

C. Other judgments or proceedings. — This section does not limit the power of the court to entertain at any time an *independent action* to relieve a party from any judgment or

proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.*

(Emphasis added).

■ We have stated, on several occasions, that the language contained in paragraph C must be given a narrow construction because "judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments." *Byrum* v. *Lowe & Gordon, Ltd.*, 225 Va. 362, 365, 302 S.E.2d 46, 48, *cert. denied*, 464 U.S. 961 (1983); *see also Basile* v. *American Filter Service, Inc.*, 231 Va. 34, 37, 340 S.E.2d 800, 802 (1986).

■ Code § 8.01-428 specifies the remedies and procedures available to a party who seeks to have the trial court set aside or correct an error in a judgment. Paragraph A of the statute permits a party to file a motion to challenge a judgment by default or decree pro confesso for certain limited prescribed reasons: fraud on the court, a void judgment, or proof of an accord and satisfaction. Paragraph B permits a party by motion or the court, at its own initiative, to correct clerical mistakes in judgments or other parts of the record and errors therein. Paragraph C, which is the subject of this appeal, does not create any new rights or remedies, but merely preserves a court's inherent equity power to entertain an independent action. *Gulfstream Building Associates* v. *Britt*, 239 Va. 178, 182, 387 S.E.2d 488, 490 (1990); *McEwen Lumber* v. *Lipscomb Bros. Lumber*, 234 Va. 243, 248-49, 360 S.E.2d 845, 848 (1987). This construction of Code § 8.01-428(C) is consistent with the Revisers' Note which states:

A court's inherent equity power to entertain an independent action to relieve a party from any judgment has been preserved.

■ The elements of this independent action in equity are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud,

---

* This statute was amended by the General Assembly in 1991. The amendment merely adds the words "plaintiff or" in the first sentence of subsection A after the words, "Upon motion of the." Acts of Assembly, 1991, c. 39.

accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*National Surety Co. of New York* v. *State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903) (decided before adoption of Federal Rules of Civil Procedure).

■ Applying these principles, we hold that the trial court erred by setting aside the default judgment. A party who suffers a default judgment and files an independent action may obtain relief only by proving all of the necessary elements, including "fraud, accident, or mistake" which prevented him from obtaining the benefit of his defense. However, the evidence in this case fails to establish "fraud, accident, or mistake."

■ Precision Tune's "repair order" for the work performed on Ms. Charles' car refers to the location where the repairs were performed as a "Precision Tune center." The repair order, which contains numerous references to certain obligations that Precision Tune agreed to perform, states "Precision Tune shall not be liable for incidental or consequential damages (for other than injury to the person) resulting from breach of this written warranty or any other implied warranty." The repair order also directs customers who have questions about warranty information to contact Precision Tune at its Sterling, Virginia location. Hence, Precision Tune might have had some liability to Ms. Charles. Thus, based upon the record before this Court, we reject Precision Tune's contention that it was not a proper party.

■ Furthermore, as noted previously, it is a fundamental principle of equity jurisprudence that a litigant who files an independent action in equity to set aside a judgment must be free of fault or neglect. *National Surety*, 120 F. at 599. The trial court found that even though Precision Tune believed that Ms. Charles had filed its motion for judgment against an improper party, no one ever informed her or her counsel. The court stated: "I do not agree . . . that Precision Tune is an innocent third party. It is the author of its own misfortune." This finding is fully supported by the evidence.

■ Accordingly, we will reverse that part of the judgment of the trial court which set aside the default judgment Ms. Charles obtained against Precision Tune, and we will reinstate the final

judgment entered against Precision Tune. We will affirm that part of the final judgment which awarded attorney's fees to Ms. Charles because Precision Tune did not assign error to that portion of the judgment. We will remand this case to the trial court for any further proceedings that may be necessary.

*Affirmed in part,*
*reversed in part,*
*and remanded.*