## CIRCUIT COURT OF FAIRFAX COUNTY

William W. Holt

    v.

Jay C. Nedry
and Nicholas J. Dugovich

April 14, 2004

Case No. (Law) 158334

Judgment No. 292872

BY JUDGE JONATHAN C. THACHER

This matter came before me on March 19, 2004, as Defendant's Motion to Vacate Confession of Judgment Order and Dismiss Levy. The Defendant asks that the judgment be vacated because notice was not effected.

*Facts*

On August 15, 1994, Jay C. Nedry and Nicholas J. Dugovich financed a business purchase with William W. Holt by signing a promissory note in the amount of $220,000. This note was notarized at the time of signing. In large, capital letters at the top of the note is the following:

IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE.

In addition, Paragraph 14 of the note is designated "Confession of Judgment" and contains the following text:

*The Makers expressly waive summons or other process and do further consent to the immediate execution of the judgment, expressly waiving benefit of all exemption laws, including the homestead exemption. Following confession of judgment, the aforesaid Attorney-in-Fact may enforce all rights of collection, including but not limited to the sale of any security pledged by the Makers to enforce the Makers' obligations hereunder, without further notice to the Makers.*

In that same paragraph, Nedry and Dugovich also appointed Leo R. Andrews, Esq., as their Attorney in Fact to appear and enter Judgment by Confession in the case of default. On January 17, 1997, judgment was confessed in the amount of $179,623.49. Holt attempted to serve process on Dugovich on January 29, 1997, but was not successful. The return of service by the Sheriff for the City of Alexandria indicates both that the party was "Not Found" and a need for a five-digit address (a four-digit address is reflected on the original note.)

Nothing happened on the case until December 2003, when Holt filed a *pro-se* Levy Request against the Defendant, giving the address of Nick's Restaurant at 642 Pickett Street in Alexandria. An actual levy was issued on December 9, 2003, against Dugovich with a return date of March 8, 2004.

### Rule

"A court's inherent equity power to entertain an independent action to relieve a party from any judgment has been preserved."

The elements of this independent action in equity are:

"(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law."

*Charles v. Precision Tune, Inc.*, 243 Va. 313, 318, 414 S.E.2d 441 (1992) (citing *National Surety Co. of New York v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903)). "The failure to serve a copy of the order within sixty days from the date of entry thereof shall render the judgment void as to any debtor not so served." Va. Code § 8.01-438. "Waiver is the intentional

relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it. Waiver applies to any right conferred by law or contract." *Roenke v. Virginia Farm Bureau Mut. Ins. Co.*, 209 Va. 128, 135, 161 S.E.2d 174 (1968). "We long have recognized that a party may enter into an agreement in which he waives a significant right." *Gordonsville Energy, L.P. v. Virginia Elec. & Power Co.*, 257 Va. 344, 355-56, 512 S.E.2d 811 (1999) (citing *Blue Cross of Southwestern Va. v. McDevitt & Street Co.*, 234 Va. 191, 196-97, 360 S.E.2d 825, 828 (1987) (waiver of right to claim damages); *Flintkote Co. v. W. W. Wilkinson, Inc.*, 220 Va. 564, 570, 260 S.E.2d 229, 232 (1979) (waiver of right to jury trial on amount of attorney's fees); *VNB Mortgage Corp. v. Lone Star Indus., Inc.*, 215 Va. 366, 369, 209 S.E.2d 909, 912 (1974) (waiver of right to file mechanic's lien)).

## Analysis

As stated in *Charles v. Precision Tune, supra*, this Court has the power in equity to relieve a party from a judgment if the judgment, in all good conscience, should not be enforced. The party asking for the relief should have a good defense and have been prevented from taking advantage of his defense by fraud, accident, or mistake. In addition, there must be an absence of fault or mistake by the party asking for the relief.

At law, the issue is simpler. Because he did not receive notice of the judgment against him, Dugovich asks that the judgment be vacated and the levy be dismissed. But it is through his own actions that he was not served with notice; not only did he knowingly and intentionally waive the notice requirement, he also did not comply with the terms of the contract to provide Holt with his proper address. This prevented Holt, who tried to serve Dugovich, from effecting service of the judgment.

The terms of the contract are clear and unambiguous; Nedry and Dugovich waived their right to notice within the terms of their own contract. The contract was signed and notarized. They also appointed an attorney to act on their behalf, granting him the ability to confess judgment on their behalf. "A court must give effect to the intention of the parties as expressed in the language of their contract, and the rights of the parties must be determined accordingly." *Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980). This Court finds that Nedry and Dugovich intended to waive their right to notice when they signed the contract. They cannot now come to the Court asking for relief from their own actions. The Defendant's Motion to Vacate the Judgment and Dismiss the Levy is denied.