## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun Hospital Center

v.

Robert B. Stroube,
State Health Commissioner,
The Health Systems Agency of
Northern Virginia,
Northern Virginia Community
Hospital, L.L.C., d/b/a Broadlands
Regional Medical Center,
and Inova Health Care Services,
d/b/a Inova Fair Oaks Hospital

July 19, 2005

Case No. (Chancery) CH-05-613

BY JUDGE T. J. MARKOW

The parties appeared and were heard on July 15, 2005, regarding Northern Virginia Community Hospital, L.L.C.'s and Robert B. Stroube's ("Defendants") demurrers.

This case arises out of an administrative appeal of a Certificate of Public Need (COPN) application, which this court was designated to adjudicate on behalf of the Loudoun County Circuit Court. In that appeal, the court found that the Commissioner had committed reversible error in his failure to include certain correspondence in the administrative record. Accordingly, the court remanded the decision to the Commissioner with instructions to re-open the administrative record, to conduct a hearing on the matter, and to reconsider the COPN decision based on all the appropriate evidence.

Plaintiff has filed a Bill of Complaint in which Count I attempts to state an equitable claim for relief from the previously mentioned judgment ("Final Order") and Count II attempts to state a claim for violation of due process. Plaintiff requests the court enter an order of relief from the Final Order, instruct the Commissioner to deny the COPN application at issue, enter an order for the Commissioner to produce and certify additional documents, and award sanctions, costs, and attorney's fees. Based on the arguments of Defendants, the court denies these requests and sustains the demurrers.

In sustaining the demurrers, the court adopts several of Defendants' arguments.

First, the Virginia Administrative Process Act (VAPA), Va. Code § 2.2-4000 et seq., is the sole and exclusive judicial avenue through which Plaintiff may challenge the Commissioner's COPN decision. See Virginia Bd. of Med. v. Virginia Physical Therapy Assoc., 13 Va. App. 458, 465, 413 S.E.2d 59, 63-64 (1991), aff'd, 245 Va. 125, 427 S.E.2d 183 (1993) ("the VAPA governs an agency's actions and judicial review thereof"; "court review of the Board's actions is provided for and governed by the VAPA"); First Hospital Corp. of Norfolk v. Stroube, 32 Va. Cir. 279, 281 (1993) ("for those matters covered by it, the APA provides the exclusive judicial remedy"). The General Assembly has established the means by which an administrative agency's actions are to be reviewed. Plaintiff has availed itself of this review process and has obtained relief thereunder. This suit is clearly a collateral attack on the VAPA process. The court cannot allow Plaintiff to circumvent the VAPA and receive a second review of the Commissioner's case decision.

Plaintiff argues that the remedies provided by this action are not available to it under the VAPA and, therefore, this is a separate and independent action, not governed by the VAPA, within the court's jurisdiction. The court disagrees. If the General Assembly wanted to provide additional remedies to an aggrieved party, it could have done so under the VAPA. Because the General Assembly has established the VAPA as the sole and exclusive avenue to challenge an agency's action, the court is without jurisdiction.

Second, regardless of whether Plaintiff has a sufficient property interest entitling it to due process guarantees, the court finds that the Plaintiff has been provided sufficient procedural due process as would be required if such a property interest existed. The Medical Care Facilities Certificate of Public Need statute, Va. Code § 32.1-102.1 et seq., and the VAPA, Va. Code § 2.2-4000 et seq., afford Plaintiff adequate due process.

*See Fun v. Virginia Military Inst.*, 245 Va. 249, 253, 427 S.E.2d 181, 183 (1993) ("Deprivation of property by . . . state officials or employees in contravention of established procedures does not offend due process requirements when adequate post-deprivation remedies exist.").

Even if Plaintiff was denied due process in the Commissioner's handling of the case decision, its access to the administrative appeal process is a means to obtain the process which is due. Plaintiff was entitled to appeal the Commissioner's case decision, was given review of the Commissioner's case decision by the circuit court, was permitted additional participation in a remand hearing and reconsideration by the Commissioner of his decision, and is additionally entitled to appeal the remand decision. No additional process is necessary or required; Plaintiff has been afforded ample procedural due process.

Third, Plaintiff has failed to state a claim for equitable relief from judgment because an adequate remedy at law exists. In order to state a claim for equitable relief from judgment, Plaintiff must allege (1) the Final Order ought not in equity and good conscience be enforced; (2) that Plaintiff has a good defense to the alleged cause of action on which the judgment is founded; (3) that fraud, accident, or mistake prevented Plaintiff from obtaining the benefit of its defense; (4) that Plaintiff is without fault or negligence; and (5) that Plaintiff has no adequate remedy at law. *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992). Without addressing the other four elements, the court finds that Plaintiff has an adequate remedy at law. Plaintiff's remedies at law were the appeal of the Commissioner's decision to the circuit court and an appeal of the remand decision.

Fourth,[1] Plaintiff's relief from judgment claim is moot. As of May 13, 2005, the Final Order, which remanded the decision to the Commissioner for further consideration, has been fully complied with and completed. There is nothing for the court to vacate or set aside.

For the reasons stated above, the demurrers are sustained and the case is dismissed.

---

[1] While not proper subject matter for consideration on demurrer, as not contained in the pleadings, this fact illustrates the weakness of the cause attempted to be pleaded here.