# CIRCUIT COURT OF THE CITY OF NORFOLK

John L. Harnois, Sr.

v.

Sara F. Lamont

November 2, 2011

Case No. (Civil) CL11-7322

By Judge Everett A. Martin, Jr.

The plaintiff and the defendant were divorced by final decree of divorce entered by the Circuit Court of the City of Virginia Beach (the "Virginia Beach Court") on February 14, 2008. The Court of Appeals recently affirmed the Virginia Beach Court's rulings in the divorce proceeding. *John L. Harnois v. Sara F. Riley-Harnois*, Record No. 1571-10-1 (Oct. 11, 2011) On September 26, 2011, during the pendency of the appeal, the plaintiff *pro se* filed this cause pursuant to Code of Virginia § 8.01-428(D), the independent action in equity, seeking "relief from judgment and to directly challenge" the final decree of divorce. He asks the court to "evaluate the record and conduct appropriate hearings" about the defendant's and the Virginia Beach Court's alleged failures to comply with certain procedural requirements, and he claims fraud on the Virginia Beach Court. He asks this court declare void the final decree of divorce, the sale of the marital residence, as well as the defendant's subsequent re-marriage.

This cause came to the Court's attention in connection with motions in *John L. Harnois, Sr. v. Sara F. Lamont et al.*, Civil No. CL11-4434 The defendant has been served with process in this case, but the time in which she may file an answer has not yet run. The Court determined *ex mero motu* to review the sufficiency of the complaint.

The complaint is forty pages long; it is a catalogue of alleged errors by the Virginia Beach Court and claims of adultery, perjury, and embezzlement by the defendant. It violates Rule 1:4(j), but it does disclose that the plaintiff

had counsel during most of the divorce proceeding; that he participated in much of it; and that he was incarcerated for part of the time it was pending.

Many of the plaintiff's allegations of error were raised in the Court of Appeals and decided adversely to him, *e.g.*, the classification of the real estate and pension, the sale of the marital residence and the disbursement of the proceeds, the appointment of a guardian *ad litem*, and the granting of a divorce on a no-fault as opposed to a fault basis▪

The independent action in equity is neither an end-run around prescribed appellate procedure nor a mulligan for a dissatisfied trial litigant. Its elements are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the judgment defendant from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992).

The first element is subjective, but why in equity and good conscience ought not this decree be enforced when the plaintiff appeared and participated in the proceeding in which the decree was rendered and was represented by counsel? Nothing prevented the plaintiff from obtaining the benefit of any defense he may have had in the divorce proceeding. Finally, the plaintiff has an adequate remedy at law that he is pursuing, an appeal.

Finding that the complaint has no merit, it is hereby dismissed with prejudice. The Court need not consider the issue of venue or whether the independent action in equity lies for any purpose other than to attack a default judgment or decree *pro confesso*.

Endorsements are waived pursuant to Rule 1:13. The Clerk shall mail copies of this decree to the parties.