COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

TAHMINA BEGUM

v.      Record No. 1108-18-4

SHAHEEN M. SHAKHAWAT

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
APRIL 9, 2019

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Gaylord L. Finch, Jr., Judge Designate

Elizabeth Tuomey (Tuomey Law Firm, PLLC, on briefs), for
appellant.

Adam D. Elfenbein (Elfenbein Law, PLLC, on brief), for appellee.

Shaheen Shakhawat (husband) obtained a divorce in March 2017 from Tahmina Begum

(wife), serving her by an order of publication.  Wife moved to set aside the decree in September

2017, asserting that husband had used a false affidavit to get the order of publication.  The trial

court denied wife's motion.  Wife contends on appeal that the trial court used the wrong standard

in determining that husband had not committed fraud on the court and that the court further erred

in not setting aside the divorce decree.  We affirm the trial court's ruling.

BACKGROUND[1]

The parties were married in Bangladesh in October 2009 and separated in Arlington,

Virginia in October 2014.  Wife moved to Philadelphia to attend Temple University in January

2016.  The Arlington County Juvenile and Domestic Relations District Court ordered husband to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We view the facts in the light most favorable to husband because he was the prevailing
party in the trial court.  See Monds v. Monds, 68 Va. App. 674, 677 (2018).

pay wife $350 per month as support for the parties' child. The orders from both March and July 2016 showed wife's address in Philadelphia.

Husband filed for divorce on November 15, 2016, and stated that wife resided in Atlantic City, New Jersey. On January 10, 2017, husband filed an affidavit with the circuit court for an order of publication, alleging that wife "cannot be found, and that diligence has been used without effect to ascertain [her] location." The affidavit stated wife's last known address was in Ventnor City, New Jersey. A notice of the pending divorce was published in the Washington Times on four successive dates between January 19, 2017, and February 9, 2017. The copy of the order of publication that the circuit court sent to wife at the Ventnor City, New Jersey address was returned on January 24, 2017, marked "return to sender – attempted – not known – unable to forward." Wife did not respond to the bill of complaint, and the final decree was entered on March 22, 2017. Wife was awarded "sole legal custody and primary custody" of their child, and husband was allowed "visitation as agreed by the parties." The decree ordered husband to pay child support of $350 per month.

Wife moved to set aside the decree on September 27, 2017. The trial court held a hearing on the motion on May 30, 2018, at which both wife and husband testified.

Husband testified that he had told wife about the pending divorce. He said that she had a "bad attitude," thought he was joking, and had refused to give him her address. He believed that wife was living in New Jersey with relatives because she had told him she could not find child care in Philadelphia. According to husband, wife's brother-in-law gave him the New Jersey address that was on the affidavit. Husband testified that wife moved to set aside the divorce decree after she learned that he had remarried on July 4, 2017. He also pointed out that his immigration status would be affected if he were found guilty of fraud.

Wife denied husband had told her about the divorce, even though they had communicated about their son while divorce proceedings were pending. She said that she only learned of the divorce on July 25, 2017, when husband sent her an email in response to her plan to initiate custody proceedings for their child in Philadelphia. She further contended he knew her address because he had been to her residence in Philadelphia in December 2016 and January, February, and March 2017. In support of her argument in the trial court, wife presented her lease for the apartment where she had lived in Philadelphia from January 2016 through January 2017 and a certificate from the preschool the parties' son had attended during the 2016-2017 school year. According to wife, the residence at the New Jersey address that husband provided in the affidavit had been owned by a member of her family, but she had not lived there, and she denied telling her family not to give husband her address. Finally, she acknowledged she had been found guilty of assault and battery of husband in 2014, but had been given a deferred disposition.

In the parties' written final arguments submitted to the trial court, husband argued that wife was not entitled to relief under Code § 8.01-428(D) because she had not met the required five elements set out in Jennings v. Jennings, 26 Va. App. 530, 533 n.1 (1998). Wife argued that the Jennings analysis did not apply to a case of extrinsic fraud, but that if it did, she satisfied the elements.

The trial court disagreed with wife and ruled that she had not met her burden to prove fraud by clear and convincing evidence. Referring to the five elements cited in Jennings, the court stated elements one, three, and four were "a matter of credibility." The judge also expressed his concern that voiding the decree would invalidate husband's remarriage and noted wife had not been prejudiced by the decree because she had received sole custody of their child and child support.

This appeal follows.

ANALYSIS

Trial court did not use wrong standard

Wife first argues that the trial court applied the wrong standard in determining that

husband had not committed fraud on the court by filing an allegedly false affidavit.  Wife's

motion to set aside the divorce decree in the instant action constituted an independent action

under Code § 8.01-428(D).  The statute provides as follows:

> This section does not limit the power of the court to entertain at
> any time an independent action to relieve a party from any
> judgment or proceeding, or to grant relief to a defendant not served
> with process as provided in § 8.01-322, or to set aside a judgment
> or decree for fraud upon the court.

Wife's reliance on this Court's decision in Khanna v. Khanna, 18 Va. App. 356 (1994), to

support her contention that the wrong standard was applied here is misplaced.  In Khanna, the

wife challenged the trial court's decision pursuant to Code § 8.01-428, but the elements required

to be proven under Code § 8.01-428(D) were not discussed, and the specific elements of the

statute at issue on appeal are not apparent from the Khanna opinion.

As discussed in Charles v. Precision Tune, Inc., 243 Va. 313, 317 (1992), the Virginia

Supreme Court notes that Code § 8.01-428(D)[2] "does not create any new rights or remedies, but

merely preserves a court's inherent equity power to entertain an independent action."  In

addition, the Charles decision sets out five elements to be considered in assessing whether to

grant relief based on a claim of fraud:

> (1) a judgment which ought not, in equity and good conscience, to
> be enforced; (2) a good defense to the alleged cause of action on
> which the judgment is founded; (3) fraud, accident, or mistake
> which prevented the defendant in the judgment from obtaining the
> benefit of his defense; (4) the absence of fault or negligence on the

---

[2] At the time Charles was decided, the pertinent subsection of Code § 8.01-428 was designated as "C."  The statute was later amended, changing "C" to "D."  See 1993 Va. Acts, ch. 951.

part of the defendant; and (5) the absence of any adequate remedy at law.

Id. at 317-18 (quoting National Surety Co. of New York v. Bank of Humboldt, 120 F. 593, 599 (8th Cir. 1903)); see also Virginia Polytechnic Institute v. Prosper Financial, 284 Va. 474, 483 (2012) (holding that a party must prove each element when seeking to set aside a default judgment under Code § 8.01-428(D)). These same factors were cited in Jennings as "necessary elements" for an action under Code § 8.01-428(D), Jennings, 26 Va. App. at 533 n.1, and were relied on by the trial court in this case. Accordingly, we conclude the trial court applied the correct standard in ruling on wife's motion to set aside the decree.

### Trial court did not err in finding no evidence of fraud

Wife also contends that the trial court erred in failing to find that she had proved husband committed fraud on the court by filing a false affidavit to obtain service by publication. Wife was required to prove her claim by clear and convincing evidence. Id. at 533. "Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief or conviction concerning the allegations sought to be established." Id. (quoting Ashmore v. Herbie Morewitz, Inc., 252 Va. 141, 147 (1996)). We must affirm the judgment of the trial court unless it is plainly wrong or without evidence to support it. See id.

In support of her contention that husband knew her address when he filed for divorce, wife points to her "uncontroverted documentary evidence," which she argues showed his knowledge and proved husband committed fraud on the court by presenting a false affidavit for the order of publication. In addition to wife's documentary evidence, the trial court heard testimony from the parties. Wife testified that husband knew her address in Philadelphia because he had been to her apartment there and that he never told her about the pending divorce. Husband testified to the contrary that he had informed wife of the divorce proceedings and that she had refused to give him her address. He further explained he believed wife was living in

New Jersey with relatives because she had told him she was unable to find child care in Philadelphia. Husband pointed out that wife's brother-in-law gave him the New Jersey address that he put in the affidavit. Husband added in his testimony that wife was irritated that he had remarried and did not move to set aside the decree until after she learned of the remarriage.

The trial court was entitled to reject or accept each party's testimony, in whole or in part. See Parham v. Commonwealth, 64 Va. App. 560, 565 (2015) ("[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact."). In finding that wife had not met her burden of proving fraud, the trial court stated that elements one, three, and four were "a matter of credibility."[3] Thus, it follows that the trial court accepted husband's testimony as more credible than wife's testimony. Similarly, the court rejected wife's assertion that husband did not use diligence in locating her. See Dennis v. Jones, 240 Va. 12, 19 (1990) ("The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case."). The appellate court must defer to the credibility determinations made by the fact finder, who has seen and heard the witnesses testify, unless the witnesses' testimony is inherently incredible. See Smith v. Commonwealth, 56 Va. App. 711, 718 (2010).

Wife relies on Khanna in support of her contention that the trial court erred in finding she failed to prove husband committed fraud on the court by filing a false affidavit to obtain service

---

[3] Under the standard applicable to actions pursuant to Code § 8.01-428(D), element one assesses whether the judgment, "in equity and good conscience," should be enforced. Charles, 243 Va. at 317-18. Wife's hostile attitude regarding husband's remarriage was relevant to this factor, as granting wife's motion to set aside the decree would have invalidated husband's remarriage. Element three concerns whether "fraud, accident, or mistake" prevented wife from responding to the divorce complaint, and element four considers "the absence of fault or negligence" by wife. Id. In finding that husband had not committed any fraud in the filing of the affidavit, the trial court accepted husband's testimony that he had told wife about the pending divorce and that she had refused to give him her current address. Thus, wife was not without fault in the proceeding.

by publication. However, Khanna can be distinguished. In Khanna, the wife challenged the trial court's denial of her motion to set aside a final decree of annulment pursuant to Code § 8.01-428. 18 Va. App. at 357. This Court reversed that ruling and remanded the case, holding that the husband had not used due diligence in attempting to locate his wife before serving her by publication. Id. at 359. However, in Khanna, evidence that the husband had contact with his wife during the time period in which he filed the affidavit claiming her whereabouts were not known was "uncontested," id. at 359, making the claim he exercised due diligence tenuous at best. Here, the evidence that husband knew wife's address when he filed his affidavit is contested, and the trial court resolved the conflict in the evidence by accepting husband's testimony that he did not know wife's address.

Wife further contends that the trial court erred in concluding she was not prejudiced by the decree in light of the court's order granting her sole custody of the parties' child and child support. However, wife did not explain in what respect she was prejudiced by the decree. Although wife contended she had wanted to obtain a divorce in Bangladesh to protect her interests there, she did not identify the interests she sought to protect. Moreover, it was undisputed that the parties had no marital property in Virginia to be distributed as part of the divorce. Finally, as wife notes, the court expressed concern that setting aside the decree would adversely affect husband's remarriage. However, the expression of that concern does not establish wife's interests were prejudiced by the entry of the divorce decree.

In summary, the court appropriately assessed all the evidence the parties presented in determining whether "equity and good conscience" required enforcing the decree, whether wife had a "good defense" to the divorce action, and whether there was "any adequate remedy at law." Charles, 243 Va. at 317-18. Based on that assessment, the trial court concluded the

divorce decree should not be set aside and denied wife's motion. We find no error in that finding and affirm the decision of the trial court.

<u>Attorney's fees and costs</u>

Husband requests that he be awarded fees and costs for his appeal. Rule 5A:30 provides that this Court may award attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996). The Court's decision is not limited to whether a party prevailed on appeal, but considers whether the issue raised was "frivolous" and the equities of the case. <u>See</u> <u>Wright v. Wright</u>, 61 Va. App. 432, 470 (2013) (quoting <u>O'Loughlin</u>, 23 Va. App. at 695). Accordingly, having reviewed the record on appeal, we find wife's appeal was without merit and grant husband's request for attorney's fees and costs incurred on appeal. Accordingly, we remand the case to the trial court to determine an award of appellate attorney's fees and costs, including those incurred in the hearing on remand.

CONCLUSION

We hold that the trial court applied the correct standard in reviewing wife's motion to set aside the divorce decree under Code § 8.01-428(D). We further hold that the trial court did not err in finding that wife failed to prove that husband committed fraud on the court. We grant husband's request for an award of attorney's fees and costs on appeal.

<u>Affirmed and remanded.</u>